Crafts *v.* Mott.

CRAFTS *vs.* MOTT.

Where two persons give their joint obligation upon a consideration received by them jointly, each stands in the relation of surety for the other in respect to one half the debt.

And if an agreement is afterwards made between them by which one of them assumes the whole obligation, the other from thenceforth becomes his surety in respect to the whole, and as such may prove his claim under the bankruptcy of his principal, although he has paid nothing on the joint obligation and the same is not yet due.

The plaintiff and defendant gave their bond upon a joint purchase of real estate. The plaintiff afterwards conveyed his share of the land to the defendant, who thereupon agreed to pay the bond, and indemnify the plaintiff against the same. Subsequently the defendant was discharged as a bankrupt under the late act of congress; and after that installments fell due on the bond, which the plaintiff was obliged to pay. *Held*, that the plaintiff was to be regarded as standing in the relation of surety for the defendant, and therefore that his right to recover for the installments so paid was barred by the discharge.

CRAFTS brought an action of debt in the supreme court against Mott, upon a contract bearing date the 19th day of April, 1837, by which the defendant agreed to pay and indemnify Crafts against a bond and mortgage for $1300, which they had, on the 4th of March, 1836, jointly made to A. B. Johnson, on a joint purchase of certain real estate of him. The contract recited that Crafts and Mott, on the 4th day of March, 1836, purchased of Johnson said real estate, for said sum, and that they on the same day gave Johnson said bond and mortgage, payable [605]

in eight equal annual payments with annual interest; that Crafts had sold and conveyed to Mott his equal undivided half of said real estate; and that Mott was to pay off and satisfy said bond and mortgage to Johnson.

The defendant pleaded 1st, *nil debit;* 2d, his discharge under the late bankrupt act—his petition in bankruptcy having been presented to the proper court on the 27th day of January, 1843.

The plaintiff replied to the second plea, admitting the discharge; but alledged that the cause of action accrued after the presentation of the defendant's petition in bankruptcy, and concluding to the country.

The plaintiff claimed to recover only for such installments as became payable on the bond and mortgage after the presentation, by the defendant, of his petition in bankruptcy, and which he had paid. The only question, therefore, was, whether the plaintiff could recover on the contract of indemnity for such installments as became payable after that time, upon proving that he had paid them as they became due.

The cause was referred to the Hon. Hiram Denio as sole referee, who reported against the plaintiff. Judgment was rendered on his report in favor of the defendant by the supreme court, and the plaintiff appealed to this court.

*W. Crafts,* in *pro. per.*

*W. Curtis Noyes,* for defendant.

Jewett, J. Whether the discharge and certificate of a bankrupt, under the late bankrupt act, will operate as a discharge of a particular debt, contract or other engagement, when properly set up, depends entirely upon the question whether the debt, contract or other engagement, was *provable* under the act. Section four of the act provides that the discharge and certificate " when duly granted, shall in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, *which are provable under this act.*" And section five declares that " all creditors whose

debts are not due and payable until a future day, all an- [606] nuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, *sureties,* indorsers, bail, or *other persons,* having *uncertain* or *contingent* demands against such bankrupt, shall be permitted to come in and prove such debts or claims under this act, and shall have a right, when their debts and claims become absolute, to have the same allowed them; and such annuitants and holders of debts payable in future, may have the present value thereof ascertained, under the direction of such court, and allowed them accordingly, as debts *in presenti.*"

It is clear that the plaintiff, at the time when the defendant presented his petition, was not his creditor, for the demand he now seeks to recover of him. He did not at that time belong to that class mentioned in the fifth section as " creditors whose debts are not due and payable until a future day." And whether he can be said to come within the description of " other persons having uncertain or contingent demands against such bankrupt," it is not necessary to determine in this cause. For if the plaintiff stood in the relation of a *surety* to the defendant, at the time of the presentation of his petition, in respect of the debt due to Johnson, he could have come in under the act and proved his claim, although the debt to Johnson had not then been paid by him, and therefore it would be barred by the certificate and discharge of the defendant. (*Mace* v. *Wells,* 7 *Howard,* 272.)

When the parties executed their bond to Johnson they became as between him and them, joint debtors for the whole debt, yet as between themselves the debt was divided, and each thereby in respect to the other, was placed in the situation of a surety for one half of the debt. (1 *Pothier by Evans, N.* 264.) And when the plaintiff conveyed his half of the mortgaged premises to the defendant, and he in consideration thereof, covenanted with him to pay the entire debt to Johnson, their former relation, as between themselves was changed. The defendant in respect to that debt then became, in equity, the principal debtor to Johnson, and the plaintiff was placed in the situation of *sure-*

*ty* for him. (*Marsh* v. *Pike*, 1 *Sandf. Ch. R.* 210 ; *S. C.* 10 *Paige*, [607] 595.) It can make no difference whether the plaintiff was originally a surety or becomes so afterwards. (*Filbry* v. *Landford*, 3 *Man. & Granger*, 468 ; *Wood* v. *Dodgson*, 2 *Maule & Selw.* 195 ; *Butcher* v. *Forman*, 6 *Hill*, 583.)

The plaintiff is mistaken in supposing that it makes any difference whether the debt was due and payable, or not, at the time when the bankrupt presented his petition, in order that his certificate and discharge should have the effect to bar the claim of his *surety*, who subsequently is compelled to pay the debt. It depends not upon the fact that the debt was then payable or paid. It is enough that the party stands in the relation of *surety* to the bankrupt, and as such, *liable* to pay the debt. That relation authorizes him to come in and prove his claim under the act. (*Butcher* v. *Forman*, *supra* ; *Morse* v. *Hovey*, 1 *Sandf. Ch. R.* 188 ; *S. C.* 1 *Barb. Ch.* 404.) I am of the opinion that the judgment should be affirmed.

Judgment affirmed.