OF THE

## STATE OF ARKANSAS,

AT THE

## *JUNE TERM, 1873.*

---

### JONES VS. THE STATE.

BANKRUPTCY: *To what, discharge in, may be pleaded.*
> To *scire facias* against surety on bail bond, the defendant pleaded his discharge in bankruptcy. On demurrer to plea, *held*, that the plea was good.

APPEAL from *Arkansas* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*Watkins & Rose*, for appellant.
*J. R. Montgomery*, Attorney General, for appellee.

McCLURE, C. J. The only question arising in this case is, whether the surety on a bail bond is released from all liability therefrom, by a discharge in bankruptcy.

On the 21st of August, 1867, O. F. Jones, the appellant, R. P. Ware and R. D. D. Miller, entered into bond to the state of

Arkansas, that one Richard Q. Jones would be and appear before and at the circuit court of Arkansas county, on the first day of its next term, to answer to an indictment for forgery, and not depart the court without leave. Richard Q. Jones did not appear in accordance with the conditions of said bond, and *scire facias* issued, which was served on Oswell F. Jones, R. D. D. Miller and Robert P. Ware, and Richard Q. Jones was not found.

At the November term, the attorney for the state moved for judgment and execution on the bond, which motion was overruled.

At the May term, Oswell F. Jones pleaded a discharge in bankruptcy, to which the state demurred, on the ground that the plea is insufficient in law. The demurrer was sustained, and Jones appealed to this court.

A discharge in bankruptcy releases the person therein named "from all debts, claims, liabilities and demands which were, or might have been proved against his estate." (Sec. 34.) This language is broad and comprehensive enough to include the liability sought to be enforced against the appellant. The bond, which Jones became a surety on, was not a "debt created by fraud, or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character," and not being so, it is not included in the exceptions named in the act.

The court below erred in rendering judgment against the appellant, and in sustaining the demurrer. For the errors aforesaid, the judgment is reversed, and the cause remanded with instructions to set aside the judgment as to Jones.