*Charles E. Gorman*, for plaintiff.
*Edwin Aldrich*, for defendants.

---

## WILLIAM M. FISHER *vs.* HORACE TIFFT.

On the dissolution of a copartnership composed of F., M., J. & T., a bond was executed by M., J. & T. to F., by which the obligors agreed to pay the debts of the firm and to hold F. harmless therefrom. The bond was dated October 6, 1858. December 21, 1861, R. recovered a judgment against the old firm of F., M., J. & T., which F. was compelled, June 1, 1868, to satisfy in part. May 11, 1868, T. obtained a discharge in bankruptcy under the laws of the United States. In an action on the bond brought by F. against T.:

*Held*, that the claim of F. was a contingent liability provable either under § 5068 or § 5070 of the Revised Statutes of the United States, of Bankruptcy, and that the action would therefore not lie.

DEBT. Heard by the court, jury trial being waived.

*February* 12, 1878. DURFEE, C. J. This is an action of debt on a bond, the condition of which is as follows, to wit: " The condition of this bond is such that if the said obligors shall well and truly pay and cause to be paid all the debts and liabilities of the late firm of H. Tifft & Co., in which said Fisher, the plaintiff, was a partner, and save the said Fisher from loss by reason thereof, this bond to be void, otherwise of full force and virtue." The bond is dated October 6, 1858, and was executed on that day by the defendant, and also by Milton W. Blackinton and J. E. Brewster.

It appeared in testimony submitted to the court, jury trial having been waived, that previous to October 6, 1858, the plaintiff and defendant, together with Blackinton, were engaged in business as copartners under the firm of H. Tifft & Co., and that the plaintiff had sold out his interest in the firm to Brewster, and that thereupon the defendant, Blackinton, and Brewster formed a new copartnership, and having agreed with the plaintiff to assume the debts and liabilities of the old copartnership, gave him the bond aforesaid for his indemnity. It also appeared that December 21, 1861, one Josiah D. Richards recovered judgment for

$1,964.42 against the members of the old firm, including the plaintiff, upon a claim which he held against the old firm, and that June 1, 1868, the sum of $673.33 still remaining due on said judgment, the plaintiff was compelled to pay to said Richards, in order to obtain his release from said judgment, the sum of at least $233.72. He claims that he was compelled, also, to pay for his release the further sum of $370.16, making in all the sum of $603.91, which, with interest thereon, he seeks to recover in this action.

The defendant sets up in bar of the action his discharge in bankruptcy under the laws of the United States, which was granted to him May 11, 1868, and which discharges him from all debts and claims which were made provable by the law against his estate, and which existed on the first day of August, 1867, the day on which his petition in bankruptcy was filed. The plaintiff contends that this claim in suit did not exist, and was not provable before his payment on the Richards judgment, which was not made until after the discharge was granted, and that therefore the discharge is not a bar to his action. He concedes that if the claim was provable the action is barred.

The Bankrupt Act, Revised Statutes of the United States, § 5068, provides that " in all cases of contingent debts and contingent liabilities, contracted by the bankrupt, and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed," &c. The act also provides, § 5070, that " any person liable as bail, surety, guarantor, *or otherwise,* for the bankrupt," whether he has paid the debt or not, may prove the debt if the creditor omits to prove it. The language of these provisions applies broadly to contingent and uncertain claims and liabilities. Is it not broad enough to cover the claim in suit ?

The defendant relies upon § 5068, and unless the claim in suit is otherwise provided for in the act, the section seems to be broad enough to cover it. Certainly the bond creates, if not a contingent debt, at least a contingent liability, and such a liability is within § 5068. The present Bankrupt Act is in this respect, as is remarked in *Jones* v. *Knox,* 46 Ala. 53 ; also in 8 Bankrupt Register, 559, broader in its application to contingent claims than the Bankrupt Act of 1841, and consequently the decisions

under the Act of 1841, which are relied on by the plaintiff, are not fully in point. The Act of 1841 was more like the English Bankrupt Act, which extended to *debts* payable on a contingency or to contingent debts ; but did not extend to a mere contingent liability. *Hankin* v. *Bennett*, 8 Exch. Rep. 107 ; *French* v. *Morse*, 2 Gray, 111 ; *Riggin* v. *Magwire*, 15 Wall. 549. The plaintiff contends that the claim was not provable because incapable of proof. We think, however, it was capable of an approximate proof, which is all that can ever be made in cases of contingent liability. When the defendant filed his petition in bankruptcy, the balance due on the judgment had been due for several years, and there could be little reason to doubt that the plaintiff, if he had the means, would be called upon for payment. And see *Jones* v. *Knox*, cited above, and *Jones* v. *The State*, 28 Ark. 119.

It may be questioned, however, whether the claim in suit is not " provided for " by § 5070 rather than by § 5068. The provision contained in § 5070 is somewhat similar to a provision of the English Bankrupt Act, which extends to sureties and persons " liable for any debt of the bankrupt." The provision of the English Bankrupt Act came up for construction in *Wood* v. *Dodgson*, 2 M. & S. 195. There, on the dissolution of a firm consisting of three partners, two of them assigned their interest in the joint effects to the third, and took from him a covenant to pay the debts and indemnify them. The third partner, however, became a certificated bankrupt, and, afterwards, the other two partners were obliged to pay a debt of the firm. An action subsequently brought on the covenant was held to be barred by the discharge in bankruptcy, upon the ground that under the covenant the covenantor became in equity, as between the partners, the principal debtor, and the other two his sureties, and that, as sureties or *persons liable* for the debt of the bankrupt, they were subject to the provision aforesaid. And the same view was taken by the Supreme Court and Court of Appeals of New York, under the Act of 1841, in *Crafts* v. *Mott*, 5 Barb. S. C. 305 ; 4 N. Y. 603. There the plaintiff and defendant gave their bond on a joint purchase of land. The plaintiff afterwards conveyed to the defendant, who thereupon agreed to pay the bond and indemnify him. Subsequently the defendant was discharged as a bankrupt ;

and after that, instalments fell due on the bond which the plaintiff was obliged to pay. It was held that the plaintiff was to be regarded as standing in the relation of surety for the defendant, and therefore that his right to recover for the instalments so paid was barred by the discharge. See also *Mace* v. *Wells*, 7 How. U. S. 272; *Butcher* v. *Forman*, 6 Hill, 583.

These cases seem to show that the claim in suit is to be regarded as provided for by § 5070; but whether provided for by § 5070, or provable under § 5068, in either case any action thereon is barred by the discharge. We think it was either provided for by § 5070 or provable under § 5068, and therefore give the defendant judgment for his costs.

*Judgment for defendant for his costs.*

*John D. Thurston*, for plaintiff.

*Samuel Currey*, for defendant.

NOTE. — For a commentary on this case see Amer. Law Register, N. S., vol 18, p. 9, January, 1879.