*W. P. Bryant* and *A. L. Roache*, for the defendant.

May Term, 1850.

APPLEGATE
v.
DOE.

———

APPLEGATE *v.* DOE on the Demise of HALL.

By the statutes of 1843, the defendant's possession of the premises, or the part he defends, must be admitted.

Ejectment, commenced in 1848. The plaintiff introduced a general warranty deed to himself, from *Watton*, made in 1843, and it was admitted that the grantor was in possession at the time of making the deed. *Held*, that *Watton's* deed, and his possession at the time it was executed, were sufficient evidence, *prima facie*, of the lessor's title.

APPEAL from the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of ejectment commenced in 1848 for lot No. 105, in *Connersville*. *Applegate* appeared as defendant and entered into the consent rule. He pleaded not guilty, and, on the trial, confessed lease, entry, and ouster, and that he was in possession of the premises.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

The record contains all the evidence. The plaintiff introduced a general warranty deed to himself from one *William Watton* for the said lot; which deed was dated in 1843. It was admitted that the said grantor, *Watton*, was in possession of the lot at the date of the deed. Some evidence was given by both parties as to where the

Saturday,
August 3.

May Term,
1850.

correct line was between said lot and an adjoining one. There was no other evidence which need be noticed.

The plaintiff in ejectment was formerly required to prove not only his lessor's title, but also the defendant's possession. *Goodright* v. *Rich*, 7 T. R. 323. But the rule is now otherwise both in *England* and here. According to our statute, the defendant's possession of the premises, or of the part he defends, must be admitted. R. S. p. 798.

The defendant in the case before us, having admitted that he was in possession of the lot sued for, there was but one question to be tried, and that was, whether or not the lessor had a legal title to lot No. 105 or to any part thereof? We think that *Watton's* deed, and his possession at the time it was executed, were sufficient evidence, *prima facie*, of the lessor's title. *Doe* v. *Penfold*, 8 Carr. & Payne, 536.

The evidence relative to the line between lot No. 105 and the adjoining one, was entirely irrelevant.

If the defendant is not really in possession of any part of lot No. 105, this judgment will not effect him in any other way except as to the costs of the suit.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*J. S. Newman*, for the appellant.

*S. W. Parker*, for the appellee.