RAGAN *v.* HAYNES.

The Circuit Court having general jurisdiction, an objection to its jurisdiction must be raised by answer.

Where the Court below has taken jurisdiction and rendered judgment, the presumption, on appeal to the Supreme Court, is in favor of the jurisdiction.

Section 613 of the civil procedure act, 2 R. S. p. 168, has reference only to actions brought against a defendant not in possession, to quiet title, and not to cases where the defendant is alleged to be in possession and withholding the same, yet suffers judgment to be taken against him without answer.

*Wednesday,
June 2.*

APPEAL from the *Hendricks* Circuit Court.

HANNA, J.—This was an action by *Haynes*, to recover of *Ragan* ten acres of land.

*Ragan* suffered judgment to go by default. He now appeals, and assigns two errors:

1.   That the complaint is not sufficient.

2.   That the judgment is erroneous for two reasons; first, because it does not show that the Court had jurisdiction of the subject-matter, and second, *Ragan* should have recovered costs.

It is urged upon the part of the appellant, that neither the complaint nor the judgment shows that the land sought to be recovered is situated in the county of *Hendricks*, and that such fact should be shown affirmatively.

There is no direct allegation that the land is situated in *Hendricks* county. The section, township and range in which the land is situated, are given both in the complaint and judgment, and it is insisted upon the part of the appellee, that the Court is bound to take notice that the congressional subdivisions named are within the boundaries

of that county; and that to plead facts sufficient to show that the land is within the county, is equivalent to a direct allegation that it is therein situated.

May Term, 1858.

RAGAN v. HAYNES

In *Brownfield et al.* v. *Weicht,* 9 Ind. R. 394, it is held that a similar complaint is unobjectionable, because the Circuit Court had general jurisdiction, and the want of jurisdiction must be raised by answer, &c. The Court having, in the case at bar, taken jurisdiction and rendered judgment, we are bound to presume in favor of that jurisdiction, without stopping to determine whether we would, if the proceeding had been in a Court of limited jurisdiction, take notice of the congressional subdivisions of land included within the county of *Hendricks,* or not.

As to the question of costs, we think the statute referred to, (§ 613, 2 R. S. p. 168,) has reference only to actions brought against a defendant not in possession, to quiet title, and not to cases where, as in the one at bar, the defendant is alleged to be in possession and withholding the same, and yet suffers judgment to be taken against him without answer.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*C. C. Nave* and *J. Witherow,* for the appellant (1).

*H. C. Newcomb, J. S. Harvey* and *J. S. Miller,* for the appellee (2).

(1) Counsel for the appellant made the following points:

1. The complaint must show in what county the land sued for lies. 2 R. S. p. 33, § 28.

2. It must state that the plaintiff is entitled to the possession; and the premises must be properly described. 2 R. S. p. 166, § 595.

3. In all actions in which the subject or thing to be recovered is in its nature local, (and actions of ejectment, or, under our code, for the recovery of possession of real estate are of that class,) the place, as the parish, county, &c., where the subject of the action is situate, must be stated in the complaint. Gould's Pl. § 106.