*Orris Blake* and *L. H. Goodwin*, for the appellants.

*J. D. Conner*, for the appellee.

---

## VOLTZ *v.* NEWBERT and Another.

Errors of law occurring at the trial, can not be assigned for error in the Supreme Court, unless they were made the ground of a motion for a new trial in the Court below.

The granting of leave to amend the pleadings, while a cause is on trial, is a matter within the sound discretion of the Court, and unless it appears that the discretion has been improperly exercised, the Supreme Court will not notice the ruling.

Where, in an action to recover the possession of real estate, the defendant appears and pleads to the action, his possession of the land, described in the complaint is admitted, under § 597, 2 R. S., p. 167, and hence evidence of the boundaries of the land is irrelevant.

The act of 1855 (Acts 1855, p. 57) amending § 596, 2 R. S., p. 167, was not intended to change this rule, or increase the amount of evidence, but only to change the mode of pleading.

Where one party, without objection, permits the other to examine witnesses upon immaterial or irrelevant matters, he is himself in default, and can not afterward have the costs of such witnesses taxed against the party introducing them.

APPEAL from the *R'pley* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, brought this action against *Voltz*, alleging in their complaint that they were the owners in fee simple, and entitled to the possession of certain land in *Ripley* county, described as follows:

"Two acres and three eighths of an acre, off the east side of the southeast quarter of section 27, in township 9, and

range 12, commencing at the northeast corner of said quarter section, as established by original survey under the authority of the *United S ates*, and running from thence along the east line of said quarter, as marked and established by the original survey under authority of the *United States*, to the southeast corner of said. quarter; from thence north 160 rods, along the line run by *Pattison*, to a stake on the north line of said quarter, and thence four rods to the original corner of said quarter section, as established as aforesaid, containing, by actual survey, two and three-eighths acres of land, which is in the form of an acute angle, and that the defendant holds the land unlawfully and without right," &c.

The defendant answered thus: "that he is not the owner, nor is he in possession, of any part of the southeast quarter of section 27, in township 9, and range 12. He therefore denies each and every allegation in the complaint, and especially, he denies that he unlawfully and without right, holds the possession of any lands belonging to the plaintiff," &c. To this the plaintiff replied, that although it is true that the defendant is not the owner of the land described, &c., still he is in the wrongful possession thereof, and refuses to deliver possession of the same to the plaintiff; and the plaintiff again charges that he is the rightful owner in fee simple of said land, of which the possession is unlawfully withheld as aforesaid, &c.

Upon the issues thus formed, the cause was tried before said Court, at the *February* term, 1858. This trial resulted in a verdict for the plaintiffs; but a new trial having been granted, the cause was again tried at the *February* term, 185 , and the jury failing to agree, the issues were again, at the *August* term, 1850, submitted to a jury, who found for the plaintiffs. The defendant thereupon moved for a new trial, on four grounds: 1. The verdict is unsustained by the evidence. . The Court erred in its instructions to the jury 3. The Court refused to instruct the jury to find specially on particular questions of fact, as requested by the defendant. 4. The Court erroneously rejected evidence introduced by the defendant, and refused to admit evidence offered by

him. This motion the Court overruled, and the defendant excepted.

The plaintiffs, as appears by the evidence, were seized in fee of the east half of the southeast quarter of section 27, in township 9 north, of range 12 east. In this half quarter they allege the land described in the complaint to be included. It also appears that the defendant is the owner in fee simple of the southwest quarter of section 26, in the same township and range, and that a county surveyor named *Pattison*, had run a line between sections 26 and 27, called "the *Pattison* line." Between this and another line, alleged by the plaintiffs to be the original line established by survey under the authority of the *United States*, called "the old line," the land in controversy is situated; the plaintiffs claiming that section 27 is bounded by "the old line," and the defendant alleging "the *Pattison* line" to be the true line between the sections. Hence it became important to ascertain, by proof, the line which had been legally established between them; but the Court, while the trial was in progress, having intimated that the issues did not raise any question of boundary, the defendant thereupon filed an affidavit alleging, "*inter alia*," that that question was intended to be raised by the pleadings, and that the parties, and the Court in former trials of the cause, had proceeded on the idea that the question as to what was the true line between sections 26 and 27 was the only matter in dispute, and was fairly in issue. Upon this affidavit, the defendant moved " to reform the issue, by compelling the plaintiffs to amend their complaint as to the description of the land in contest; and also by allowing the defendant to amend his answer. The Court overruled the motion, and the defendant excepted.

As this decision does not appear to have been presented to the Court on the motion for a new trial, it can not be assigned for error. 2 R. S., § 352, p. 117; 12 Ind. 675; 14 *id.* 486; 15 *id.* 8. But aside from this objection, we are not inclined to hold the action of the Court erroneous. The cause being on its third trial, the granting of leave to amend the pleadings, while it was in progress, was evidently a matter within the sound discretion of the Court. 2 R. S.,

§ 99, p. 48. And, in this instance, there seems to be nothing in the record leading to the conclusion that that discretion has been improperly exercised. The record contains a bill of exceptions, which says that the plaintiffs offered no. evidence touching the question of boundary, until the Court, over their objection, had admitted the evidence of one *Pattison*, who testified on that subject on behalf of the defendant; and that before the plaintiffs had concluded their testimony, the Court reconsidered its decision and decided that such evidence was inadmissible under the issues, excluded all further evidence on the subject of boundary, and struck out that which had been given. These rulings involve the controlling question in the case, namely, was evidence tending to prove the location of the section line between sections 26 and 27, pertinent to the issues in the cause?

The appellees contend that the defendant having appeared and pleaded to the action, his possession of the land, as described in the complaint, was admitted, and that evidence in proof of its boundaries was therefore irrelevant. The statute in relation to the recovery of real estate, contains these provisions:

"Sec. 596. The answer of the defendant must set forth under what claim of right, if any, he holds possession, and if as a mere tenant, the name and residence of the landlord must be given, and if he does not defend for the whole premises, he shall specify for what particular part he does defend.

"Sec. 597. Where the defendant makes defense, it shall not be necessary to prove him in possession of the premises." 2 R. S., pp. 166, 167.

In view of these rules of practice, it seems to follow, the defendant having made defense, that the position assumed by the appellees is correct. Because, proof of possession in the defendant being unnecessary, the boundaries of the land described by the plaintiffs, are, in effect, conceded, and evidence tending to prove their location must of course, be deemed immaterial. But the appellant refers to an act of 1855, which amends § 596, above quoted, in these words: "The answer of the defendant shall contain a general denial of

each material statement or allegation in the complaint; under which denial the defendant shall be permitted to give in evidence every defense that he may have, either legal or equitable." Acts 1855, p. 57.

It is said in argument, that the amendatory act annuls § 597, above recited, and thereby renders it necessary, in cases of this sort, to prove the defendant in possession of the premises. We think otherwise. The act of 1855 simply intends to change the mode of pleading; but not to increase the amount of evidence. And, moreover, § 597 is consistent, and not in conflict, with the amendatory act, and must therefore be allowed to stand, and be effective.

*App'egate* v. *Doe*, 2 Ind. 169, seems to be precisely in point. That case was ejectment for lot No. 105, in *Connersville*. Upon the trial, evidence was given by both parties, as to where the correct line was between the lot then in controversy, and an adjoining one. The Court, in its opinion, says: "According to our statute, (quoting R. S. 1843, p. 708,) the defendant's possession of the premises, or of the part he defends, must be admitted. The evidence relative to the line between lot No. 105 and the adjoining one, was entirely irrelevant. If the defendant is not really in possession of any part of lot No. 105, this judgment will not affect him in any other way, except as to costs of suit." This exposition, it seems to us, is correct, and being so, it will at once be seen, that the Circuit Court, in rejecting the evidence, committed no error. *Doe* v. *Hall*, 2 *id.* 24; *Doe* v. *Hildreth*, *id.* 274.

At the proper time, the defendant moved for an order directing the clerk to tax up against the plaintiffs all fees of witnesses summoned by them, at the present and former terms of the Court, since the case has been pending for trial on the present issues; which motion the Court, as to such fees as have accrued during the present term, sustained, but, as to such as accrued at former terms, the motion was overruled, on two grounds: 1. The motion comes too late; it should have been made at the former terms. 2. The witnesses at said terms were examined without objection.

The second ground is well taken. Though the testimony

Nov. Term, 1861.

of the witnesses was not pertinent to the issues, still, the defendant having made no effort in the resistance of their examination, is himself in default, and must be held liable under the general statutory rule, which says that "The party recovering judgment shall recover costs." 2 R. S., p. 126. Various other points are made in the appellant's brief, but what has been said in this opinion, is believed to be a decision upon "each question arising in the record."

*Per Curiam.*—The judgment is affirmed, with costs.

*William S. Holman*, for the appellant.