*J. Gavin* and *J. D. Miller,* for appellees.

———————•———————

▲

## HALL *v.* HALL and Another.

SUPREME COURT.—*New Trial.—Small Excess of Damages.*—The Supreme Court will not reverse a judgment because of a very small excess of damages.

EVIDENCE.—*Declarations of Agent.*—The declarations of an agent are not admissible in evidence in favor of his principal, either before or after the death of the agent.

SAME.—*Admissions.—Contrary Declarations.*—Where the statements of a party have been proved, as admissions, and not with a view to impeach him as a witness, he will not for that reason be allowed to prove his own statements at other times, of an opposite character and in harmony with his own testimony.

PRINCIPAL AND SURETY.—*Mutual Sureties.*—Where a promissory note is executed by two persons, the consideration going one-half to each of them, as between themselves each may be treated as principal for one-half of the debt and surety of the other for the other half.

APPEAL from the Monroe Common Pleas.

WORDEN, J.—This was an action by Permelia Hansford, executrix of the last will of John Hansford, deceased, against the appellant, Benjamin Hall, and the appellee John Hall, upon a note executed by said Benjamin and John Hall to said John Hansford in his lifetime, for the sum of one hundred dollars.

Each of the defendants set up that he was principal on the note to the amount of fifty dollars thereof, and as to the residue he was only surety; and that he had paid his share or more of the note; and asking that whatever might be

Hall *v.* Hall and Another.

found due upon the note might be levied of the property of the other before levying upon his own.

. The cause was tried by the court, who found for the plaintiff and assessed her damages at fifty-two dollars and thirty-two cents; and judgment was accordingly rendered in her favor for that sum against the said defendants, John and Benjamin Hall; and the court further ordered that, of the sum thus adjudged to be due the plaintiff, the said John Hall pay the sum of thirty-four dollars and eighty-two cents, and that said Benjamin Hall pay the sum of seventeen dollars and fifty cents.

The said Benjamin appeals from the judgment and order. We find no error in the cause that affects the judgment in favor of the plaintiff against the defendants below. No error is claimed affecting her, except that the damages are excessive. The amount found due may have been something more than an exact computation would have made it, but the excess is trifling, and we are not disposed to regard it. We apply the maxim, *de minimis non curat lex.* We are more inclined to this as the cause was continued from one term to another, after finding and before judgment, without allowing interest for the intervening time.

The case, as between the appellant and the appellee John Hall, presents other questions.

The note in suit appears to have been given for money borrowed by the two Halls, each receiving fifty dollars and uniting in a note for the whole sum. There was an indorsement of a credit on the note of sixty dollars and interest, of the date of May 22d, 1865, and the principal question between John and Benjamin is as to which of them paid the amount thus credited. The evidence tends to show that the amount thus paid was paid by one Noel Hall, a brother of John and Benjamin, who was deceased at the time of the trial. Each of the defendants claimed that he had furnished Noel with that amount, or more, to pay for him on the note; and each claimed to be entitled to the credit.

On the trial, John Hall testified, amongst other things, that in May, 1865, he gave his brother, Noel Hall, sixty odd dollars, to pay his share of the note and interest. He was then asked by his attorneys whether Noel Hall ever told him that he paid the money. This question was objected to by Benjamin, because it was mere hearsay, &c., but the objection was overruled, and John testified that Noel told him that he, Noel, had paid the money. This was error. The evidence was mere hearsay and inadmissible. We have no brief for the appellee John Hall, and are not advised upon what ground the evidence was admitted. If Noel is to be regarded as having been the agent of John, his declarations would not, therefore, be evidence in favor of his principal, either before or after the death of the supposed agent. The declarations of a man's agent can no more be evidence in his favor than his own declarations.

During the further progress of the trial, it was proved by a witness that Benjamin said that John had paid off his share of the note. Upon this, Benjamin, at the proper time, offered to prove his own statements, at other times, of an opposite character, and in harmony with his testimony on the trial. This was ruled out, and exception was taken. We think there is nothing in this point. The statements of Benjamin were mere admissions, and not proved with a view to his impeachment as a witness.

The finding of the court, on the evidence, can hardly be sustained. The credit for the payment of the sixty dollars endorsed on the note, it would seem from the amount required to be paid by each of the defendants, was allowed by the court in part to each of them, and we find nothing in the evidence to warrant this. As the evidence stood, it seems to us that either the one or the other of the defendants was entitled to the full benefit of the credit, and the difficulty of determining to which it belonged was no valid reason for giving each, in part, the benefit of it.

It is not at all clear that, as between the payee of the note in suit and the makers, the latter are not in every sense prin-

cipals for the full amount of the note.   But as between them-
selves, the consideration of the note going one half to each,
it would seem just to treat each as principal for one-half of
the debt, and the other as his surety for that half.   *Crafts* v.
*Mott*, 4 N. Y. 603.

But whether the defendants are to be regarded as princi-
pal and surety so far as the plaintiff is concerned, or other-
wise, the court might, nevertheless, settle the ultimate rights
of the defendants as between themselves in this suit.   2 G.
& H. 218, sec. 368.

The judgment below in favor of the plaintiff will be af-
firmed; but that portion of the judgment which determines
the rights of the defendants as between themselves, by fixing
the amount of the plaintiff's judgment which each of them
is to pay, will have to be reversed, for the reasons already
stated.   This partial reversal, however, will in no manner
affect the plaintiff, or stay process to collect her judgment
from the defendants or either of them.   2 G. & H. 308, sec.
674.   The defendants can proceed as they may be advised,
to settle their respective rights as between themselves.

The judgment below in favor of the plaintiff is affirmed;
and that portion of the judgment determining the portion
which each of the defendants below shall pay is reversed,
the appellant, Benjamin Hall, and the appellee John Hall to
pay each one-half of the costs in this court.

*F. H. Louden* and *F. M. McCoy*, for appellant.

*S. H. Buskirk*, for appellees.