## ROSENBAUM and Others *v.* McTHOMAS.

34 331
144 580

BILL OF EXCEPTIONS.—*Affidavit.*—An affidavit in support of a motion to dismiss an action cannot be made a part of the record except by a bill of exceptions.

DAMAGES.—*Nominal.*—A breach of a contract renders the party breaking it liable for at least nominal damages in a suit against him on the contract brought by the other party.

SAME.—*Excessive.—Motion for New Trial.*—If excessive damages be not assigned as a cause in a motion for a new trial, such objection is waived.

ATTORNEY.—*Exclusion of.*—An erroneous ruling excluding a person from appearing as an attorney in a cause cannot avail the party for whom said attorney proposed to appear, if excepted to only by said attorney.

APPEAL from the Posey Circuit Court.

WORDEN, J.—This was an action by the appellee, Mc-

Thomas, against the appellants, upon a special contract. Issue, trial by the court, finding and judgment for the plaintiff.

Two errors are assigned: first, in refusing to dismiss the action on motion of appellants, based upon the affidavit of Benjamin Lowenhaupt, as set out in the record; second, in refusing to grant a new trial.

The affidavit of Benjamin Lowenhaupt is not in the record; and therefore the question sought to be raised by the first assignment of error is not properly before us. The clerk has, it is true, copied an affidavit of Benjamin Lowenhaupt into the transcript, but that does not make it a part of the record. It should have been made such by bill of exceptions. This point has been so often decided that we deem it useless to cite authorities.

The reasons filed for a new trial were: First. "That the judgment of the court is contrary to law."

Second. "That the judgment is contrary to the evidence."

Third. "That the judgment of the court is contrary to the law and the evidence."

Fourth. "For error of law occurring upon the trial of said cause, in the court refusing to permit William Harrow to appear as attorney for the defendants in the trial of said cause in said court, and excepted to at the time by said defendants."

It may be questionable whether the first three reasons for a new trial should be regarded as having brought anything in review before the court, inasmuch as they are addressed to the judgment of the court, and not to the finding. But we have looked into the proceedings on the trial, including the evidence, and think the finding was in accordance with the law and the evidence, unless it be that the damages may have been assessed at more than we should have put them, had we been trying the cause. The damages (forty dollars) were, however, not greatly, if any, in excess.

The counsel for the appellants insist that the plaintiff was not entitled to any damages whatever. We think it was reasonably shown that there was a breach of the contract sued

Rosenbaum and Others *v.* McThomas.

upon, on the part of the defendants, and this entitled the plaintiff to nominal damages, at least.

If the defendants deemed the damages assessed too much, they should have embraced that as one of the reasons for a new trial; but not having done so, the objection on that ground was waived. *Kent* v. *Lawson,* 12 Ind. 675; *Dix* v. *Akers,* 30 Ind. 431.

The fourth and last reason for a new trial is not alluded to by the counsel for the appellants in their brief. We suppose this is an intentional omission from the fact that the exception taken to the ruling of the court in excluding Mr. Harrow from acting as attorney for the defendants was taken by Mr. Harrow himself.

We quote from the abstract of appellants: "And upon calling said cause for trial, the appellee filed an affidavit and moved the court to prevent William Harrow from appearing as counsel in said cause for the appellants, which motion was sustained by the court; to the sustaining of which the said William Harrow at the time excepted and filed his affidavit and bill of exceptions."

It is quite apparent that any exception taken by Mr. Harrow himself to the ruling of the court, and not for or on behalf of the defendants, can have nothing to do with the case. Suppose Mr. Harrow did, but the defendants did not, except to the ruling. How, in such case, could an erroneous ruling avail the defendants? As to them, it stands like any other ruling to which no exception is taken. The fact that at the time the exception was taken Mr. Harrow was excluded from acting for the defendants, excludes any implication which might otherwise arise that the exception taken by him was on behalf of the defendants.

We find no error in the record for which the judgment ought to be reversed.

The judgment below is affirmed, with costs.

*E. M. Spencer* and *W. Loudon,* for appellants.

*J. H. Laird* and *J. Brownlee,* for appellee.