*J. H. Stotsenburg,* for appellant.

---

## HALL *v.* HALL.

PRACTICE.—*Supreme Court.*—Where the evidence is not in the record, no question for review can be presented on the ground of insufficiency of the evidence or newly-discovered evidence.

SAME.—Where there has been a recovery for a larger amount than the pleadings will authorize, a judgment may be reversed on the ground of excessive damages, though the evidence be not in the record.

APPEAL from the Monroe Common Pleas.

DOWNEY, J.—Hansford sued the appellant and appellee on a promissory note made in 1862, and this was a proceeding upon a cross complaint, by Benjamin Hall, the appellee herein, against John Hall, the appellant, to settle a question between them, in which Hansford was not particularly interested. The case was here once before, and is found reported in 34 Ind. 314. The appellee alleged in his cross complaint that the note on which the suit was brought by Hansford was given by the appellee and appellant for the sum of one hundred dollars, fifty dollars of the amount having been loaned to each of them, and each becoming security for the other for the sum loaned to him ; that he, Benjamin, had

fully paid off his part of the note, and twenty-five dollars in addition thereto, and that a judgment had been rendered for the balance in favor of Hansford. The said Benjamin prayed that he might be adjudged security for John for the balance due, and for judgment against said John for twenty-five dollars, the costs of this proceeding, and other proper relief.

John Hall answered the cross complaint by a general denial. He also answered by way of cross complaint against Benjamin, stating that each party was principal in the note for fifty dollars and the other was his security; that he, John, paid off the portion of the note for which he was liable as principal, and that there remained a balance due for which judgment had been rendered in favor of Hansford; wherefore he prayed that he be adjudged surety of Benjamin for the balance due on the note, and have judgment for costs theretofore expended by him, and for other proper relief.

A trial of the issues by jury resulted in a verdict for Benjamin Hall, assessing his damages at sixty-four dollars and fourteen cents. A motion was made by John for a new trial for the following reasons: 1. The verdict is contrary to the evidence. 2. It is contrary to law. 3. The damages are excessive. 4. Newly-discovered evidence.

This motion was overruled by the court, and final judgment was rendered for the appellee on the verdict.

The errors assigned are: 1. The overruling of the motion for a new trial. 2. Rendering judgment for Benjamin Hall in excess of the plaintiff's demand.

The evidence is not in the record, and therefore there is no cause for a new trial on the ground of insufficiency of the evidence, or on account of newly-discovered evidence.

Is the amount of damages excessive? The note to Hansford was dated February 2d, 1862, at one day. The cross complaint of Benjamin Hall was filed August, 1871. Supposing that the twenty-five dollars paid by him over and above his share of the note was paid at the maturity of the note, which is all that he can claim, there would be, if we

Hall *v.* Hall.

do not mistake, nine years and six months interest to be added to the twenty-five dollars to make the utmost amount which Benjamin could claim.  If this interest is fourteen dollars and twenty-five cents, it would make, when added to the twenty-five dollars, the sum of thirty-nine dollars and twenty-five cents.  But the verdict was for sixty-four dollars and fourteen cents, an excess of twenty-four dollars and eighty-nine cents over the amount which the cross complaint shows to be due the appellee.  This much appears without any bill of exceptions, and shows that the damages were excessive, as alleged in one of the reasons for a new trial.  It seems probable that the jury found for the appellee the total amount of the principal and interest of one-half of the debt to Hansford, without reference to the question, whether that amount had been paid by the appellee to Hansford or not.  They were only authorized under the pleading to find for the appellee for the twenty-five dollars paid by him and the interest on it, and should have found whether he was surety or not for John for the residue of the debt not then paid to Hansford.  The appellee could not recover for money paid for his principal, in excess of the amount which he had really paid, and in excess of what he alleged he had paid.

The judgment is reversed with costs, and the cause remanded for a new trial.*

BUSKIRK, J., having been attorney for Hansford, did not participate in the decision of this cause.

*P. C. Dunning* and *J. F. Pittman*, for appellant.

*J. H. Louden* and *C. W. Henderson*, for appellee.

*Petition for a rehearing overruled.