### KILLEN *vs.* COMPTON *et al.*

1. A defendant in ejectment, on filing a disclaimer of title and right of possession, and a denial of actual possessession, is not entitled to have the action dismissed as to him. The plaintiff may prove that

Killen *vs.* Compton *et al.*

he was in actual possession, and then take a verdict on the disclaimer of title.

2. The effect of such disclaimer is to relieve the maker from future costs.

3. Where a declaration in ejectment was served upon one to whom no process was directed, he did not thereby become a party. The proper motion as to him was, not to dismiss the suit, but to vacate the entry of service.

4. Even though errors may have been committed, if the record shows the final judgment to have been a non-suit, which was not objected to by the defendant, a new hearing will not be ordered on his exceptions to rulings made in the progress of the trial.

Ejectment. Practice in the Superior Court. Process. Parties. Practice in the Supreme Court. Before Judge KIDDOO. Terrell Superior Court. November Term, 1877.

Reported in the decision.

SAMUEL D. IRVIN, for plaintiff in error.

J. G. PARKS; D. A. VASON; HOYLE & GUERRY, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiffs against Richard Roe, casual ejector, T. N. Killen, tenant in possession, and W. S. Holt, president of the Southwestern Railroad, to recover the possession of a lot of land therein described. The original process only required the defendant, Killen, as the tenant in possession, to appear at court and answer the plaintiffs' demand. This process was served on the defendant, Killen, on the 17th of April, 1876. On the 2d of May, 1876, a copy of the writ was served, as appears by the sheriff's re turn, on Wm. S. Holt, president Southwestern Railroad Company. The defendant, Killen, filed a plea under oath, in which he alleged that he was not, at the commencement of said action, and had not been for twelve months previous thereto, the tenant in possession of the premises sued

for, and disclaimed title and right to the possession of the same, and thereupon moved the court to dismiss the plaintiffs' action, which motion the court overruled, and the defendant excepted. The defendant then made a motion to dismiss the motion as to Holt, on the ground that no process had been issued from the court against him, which motion the court overruled on the ground that he was not a party to the suit; but how far he would be bound by the judgment, having been served with a copy of the writ, was another question that could not be considered on a motion to dismiss, and ordered the case to proceed, whereupon the defendant excepted. It appears from the record of the case, that in the further progress of the trial, the plaintiffs were non-suited, and that was the final termination of it, so far as it appears from the record and bill of exceptions in this case.

1, 2. There was no error, however, in refusing to dismiss the plaintiffs' action as to Killen, upon his disclaimer of title and right of possession, or his denial of possession. The plaintiffs had the right to prove that he was in possession of the premises sued for, notwithstanding the defendant's denial of that fact in his plea, and take a verdict therefor upon the defendant's disclaimer, who would not have been liable for any future cost after the filing of his disclaimer. Code, §3361.

3. The court did not err in refusing to dismiss the case as to Holt for the reason stated, that he was no party, not having been served with process as required by law. The proper motion would have been to have vacated the entry of service of a copy of the writ upon Holt by the sheriff, inasmuch as it does not appear that there was any process, or order of the court, authorizing him to make it.

4. But the defendant in the court below, and plaintiff in error here, could not have been hurt if the rulings of the court complained of had been erroneous, for the reason that the plaintiffs' case was non-suited. If the plaintiffs in the court below had excepted to the ruling of the court in grant-

ing the non-suit, then the defendant could have filed his cross-bill of exceptions, if he desired to have the alleged errors complained of considered and decided, notwithstanding the final judgment in the case was in his favor; but there is nothing in this record going to show that the plaintiffs excepted to the judgment of the court non-suiting their case, and there being no judgment against the defendant in the court below to be affirmed or reversed, let the writ of error be dismissed.