HOLMAN ET AL. *v.* ELLIOTT.

FRAUDULENT CONVEYANCE.—*Sheriff's Sale of Real Estate Conveyed before Judgment.*—*Action to Recover.*—*Special Verdict.*—In an action to recover possession of real estate conveyed by a debtor during the pendency of an action against him for a debt, and afterward levied upon and sold to the plaintiff upon an execution issued upon the judgment recovered in such action, the jury returned a special verdict which was silent as to whether or not the debtor, at the time of making such conveyance, had other property subject to execution.

*Held.* that the defendant is entitled to judgment on the verdict.

From the Ripley Circuit Court.

*E. P. Ferris* and *W. W. Spencer,* for appellants.

*W. D. Willson* and *C. H. Willson,* for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellants, in the statutory form, to recover the possession of certain lands.

Answer, general denial, and several special paragraphs. Demurrers, for the alleged want of facts, were sustained to some of the special paragraphs, and overruled to others, and exceptions reserved; but, as neither party has discussed these rulings, we pay no further attention to them. The general denial being in, under which all defences could have been given in evidence, whatever errors, if any, were committed in ruling upon the special paragraphs, became harmless after trial. The jury that tried the case rendered the following special verdict:

" 1st. We, the jury, find the facts in this case to be as follows, to wit:

" 1. We find, that, on the 1st day of August, 1867, Jesse L. Holman was the owner in fee-simple, and in possession, of the following described real estate :" (Here four of the six tracts of land described in the complaint are set out.)

" 2. We find, that the defendants derived their title from Jesse L. Holman, by deed dated August 19th, 1867, except as to Dallas S. Holman, who obtained an additional deed on the 29th day of November, 1867, of John P. Paul, purporting to convey an individual interest in a certain tract described." (This tract is also set forth in the complaint.)

" 3. We find, that, on the 27th day of August, 1867, in the Ripley Circuit Court, the plaintiff in this action recovered a judgment on a note signed by John Yater and Henry Yater, with Jesse L. Holman as security. The judgment was for $1,827.03, and was rendered against all three of the makers of the note.

" 4. We find, that, on the 19th day of August, 1867, and during the pendency of the suit on which the above judgment was rendered, Jesse L. Holman deeded said real estate as follows: To Rowland W. Holman" (certain lands described in the complaint) ; " and, in consideration

of said conveyances, the said Rowland W. Holman executed his note for one thousand dollars, payable to Margaret Holman, wife of Jesse L. Holman, to secure her support. We find further, that Rowland W. Holman paid $130 on taxes that were due on said real estate. We find that said conveyance was made by Jesse L. Holman and wife, on account of his old age and infirm condition. We further find that said Rowland W. Holman received said conveyance in good faith, and without any intent on his part to cheat, hinder, delay or defraud the creditors of Jesse L. Holman, and without any knowledge of any intention on the part of Jesse L. Holman to do so.

" 5. We further find, that, on the 19th day of August, 1867, said Jesse L. Holman and wife. conveyed, by warranty deed, to Cornet J. Holman, one of the defendants in this action," (certain lands described in the complaint,) " and that, in consideration of said conveyance, the said Cornet J. Holman executed his note for $1,000.00, payable to Margaret Holman, wife of said Jesse L. Holman, to secure her support, collectible by her only, and only during her lifetime. We find further, that Cornet J. Holman paid on taxes $200.00 that was then due on said real estate. We find, that said conveyance was made by Jesse L. Holman and wife on account of his old age and infirm condition. We further find, that Cornet J. Holman received said conveyance in good faith, and without any intent on his part to cheat, hinder, delay or defraud the creditors of said Jesse L. Holman, and without any knowledge of any intention on the part of Jesse L. Holman to do so.

" 6. We further find, that, on said 19th day of August, 1867, said Jesse L. Holman and wife conveyed to Dallas L. Holman, by warranty deed, certain lands," (here is described the remaining tract claimed in the complaint,) " and that, in consideration of said conveyance, the said Dallas S. Holman executed his note for $1,000.00, payable to Margaret Holman, wife of said Jesse L. Holman, to secure her sup-

port, collectible by her only, and only during her lifetime. We find, that said conveyance was made by Jesse L. Holman and wife on account of his old age and infirm condition. We find further, that Dallas S. Holman received an additional deed on the 29th day of November, 1867, of John P. Paul, purporting to convey an undivided interest in the above described real estate, and that he paid a valuable consideration for the same, and that Jesse L. Holman is the father of said Rowland W. Holman, Cornet J. Holman and Dallas S. Holman, and all of said real estate is situated in Ripley county, and State of Indiana, and that, at the time of said conveyances, Jesse S. Holman was of the age of 65 years, and that, at the time, he had in his possession notes on solvent persons to the amount of $4,000.00, which he placed in the hands of Rowland W. Holman for the purpose of paying any outstanding indebtedness against him at the time, and that said notes were collected by said Rowland W. Holman and appropriated by him to that purpose. And we find, that the parties took possession of their respective tracts in a few days after the conveyances were received by them, and in a few days after the conveyances were made.

" 7. We further find, that, upon the judgment aforesaid, an execution was issued by the clerk of the Ripley Circuit Court, and placed in the hands of the sheriff of Ripley county, Indiana, and by him levied upon the lands in suit, and by him advertised and sold on the 11th day of May, 1872, to the plaintiff herein, for the sum of $600.00, and that the plaintiff had received of the sheriff of said county a sheriff's deed for the said land.

"8. We further find, that, on the 9th day of April, 1872, the sheriff levied said execution upon the land described in the complaint, and that there was no evidence given why the levy on the other land was abandoned or why it was not sold.

" 9.   We find, that the judgment on which the land was sold directed that the same be sold without relief from valuation or appraisement laws, and that the land was not appraised.

" 10.   We find, the real estate sold by the sheriff was, at the time of sale, of the value of $10.00 per acre.

"If, upon this state of facts, the law is with the plaintiff, then we find for the plaintiff.

"If, upon this state of facts, the law is with the defendants, then we find for the defendants."

Upon this special verdict the court held the law to be with the plaintiff, and rendered judgment that he recover possession of the real estate described in the complaint. The appellants reserved their exceptions.

Did the facts found by the jury in the special verdict authorize the judgment of the court? This is the decisive question in the case.

A special verdict must find all the facts necessary to support the judgment. There is a fatal defect in this verdict. The facts found do not authorize the judgment rendered. There is no finding that Jesse L. Holman had no other property than the land conveyed, at the time he made the deeds which are attacked as fraudulent, out of which the appellee could not have collected his judgment in the usual course of execution. For aught that appears in the special verdict, Jesse L. Holman may have had abundance of property besides the land conveyed, subject to execution, at the time and after the deeds complained of were executed; if so, the appellee can not disturb them, even though they were made without consideration. This principle is well settled. *Ewing* v. *Patterson*, 35 Ind. 326; *Baugh* v. *Boles*, 35 Ind. 524; *Morgan* v. *Olvey*, 53 Ind. 6; *Alford* v. *Baker*, 53 Ind. 279; *Sherman* v. *Hogland*, 54 Ind. 578; *Eagan* v. *Downing*, 55 Ind. 65; *Evans* v. *Hamilton*, 56 Ind. 34; *Bentley* v. *Dunkle*, 57 Ind. 374; *Romine* v. *Romine*, 59 Ind. 346; *Price* v. *Sanders*, 60 Ind. 310.

Indeed, it seems by the latter part of the sixth finding, that Jesse L. Holman had provided other means besides the lands to pay his outstanding debts. Besides, the verdict finds that the deeds were not fraudulent.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to render judgment in favor of the appellants.