Hill *v.* Forkner.

---

No. 6362.

HILL *v.* FORKNER.

REAL ESTATE, ACTION TO RECOVER.—*Pleading.—Answer.—Disclaimer.*— In an action to recover real estate described in the complaint as bounded on the west by the eastern boundary line of a town, an answer that the defendant was not in possession of any part of said land lying east of said line, and disclaiming title thereto, but averring that plaintiff had no title to any of the land lying west of said boundary line, did not respond to the allegation in the complaint that he unlawfully

kept plaintiff out of possession thereof, and created, if any, a defective issue.

SAME.—*Location of Boundary.*—*Evidence.*—In such case, plaintiff's right to possession being conceded by the disclaimer, the location of the eastern boundary of the town was not a question in controversy, and evidence relative thereto was immaterial.

SAME.—*Nominal Damages.*—In such case, under section 610, 2 R. S. 1876, p. 254, proof of actual pecuniary damages is not necessary to entitle one to nominal damages for an invasion of his right to possession of real estate, and one dollar is not excessive.

SAME.—*Judgment.*—A judgment will not be reversed because of a very small excess of nominal damages.

SAME.—*Exemplary Damages.*—In such action, one who recovers is entitled to recover for the use and occupation of the premises for a period not exceeding six years, and, in cases of wanton aggression, exemplary damages may be awarded.

From the Wayne Circuit Court.

*C. H. Burchenal*, for appellant.

*H. C. Fox* and *T. J. Study*, for appellee.

NEWCOMB, C.—The appellant sued to recover about one acre of ground designated as "the slaughter-house lot," lying east of and adjoining the eastern boundary of the town of Centreville. The complaint further contained a description by metes and bounds of the demanded premises, giving the west boundary line as "beginning at a stake where the south side of Water street intersects the east boundary of the corporation of the town of Centreville; thence north along said corporation line 20 poles and ten links to the south side of the Indiana Central Railway." The complaint also alleged that, when the town of Centreville was originally laid out and platted, a street, called Fourth street, was laid out and located on the west side of and adjoining said land; that said street was 33 feet wide; that afterward said street was vacated, and that the town had ceased to use the street or to claim an easement therein; whereby the plaintiff had become the owner and entitled to possession of one-half of said street. It was further charged that the defendant had taken and was in possession of all said land, including said

vacated street, and for two months had unlawfully kept the plaintiff out of possession.

The defendant filed the following answer: "The defendant, for answer to said complaint, says, that at the commencement of this action he was not in possession of any part of said land lying east of the eastern boundary of the said town of Centreville; and that he did not and does not claim any right or title thereto, but, on the contrary, he disclaims any title to any part of the land lying east of said eastern boundary of said town; and he further says, that at the commencement of this action the plaintiff had no title or right of possession to or in any of said land lying west of said eastern boundary of the town of Centreville. Wherefore," etc.

This answer admitted the title of the plaintiff to all the land claimed in his complaint, but superfluously denied his title to land he did not claim, namely, that lying west of the eastern boundary of Centreville. To the allegation that the defendant had kept the plaintiff out of possession, no response was made in the answer, although there was an averment that at the commencement of the action the defendant was not in possession of the premises described.

On these pleadings the cause was submitted to a jury. There was a general finding for the plaintiff and for $20 in damages; and, in answer to interrogatories, the jury found specially, that at the commencement of the action the defendant was in possession of a strip of the plaintiff's land, about two rods wide, off the west side of the slaughter-house lot, and lying east of the eastern boundary of the town of Centreville.

The defendant moved for a new trial on the grounds, 1st, that the verdict was contrary to law; 2d, that the verdict was not supported by the evidence; 3d, that the damages were excessive; 4th, for divers specified errors of law occurring at the trial.

There were rulings adverse to the defendant on a demurrer to the complaint, and on a motion to strike out a part of the complaint; but, while these rulings are assigned for error, they are not discussed in the appellant's brief, and therefore will not be noticed. The only assignment of error relied upon by the appellant is the overruling of his motion for a new trial. As the evidence is not all in the record, the first and second causes for a new trial can not be considered. Pending the motion for a new trial, the plaintiff, by leave of the court, remitted all but one dollar of the damages awarded by the jury. Judgment was then rendered in the plaintiff's favor, for possession of the premises and for one dollar in damages, and for costs.

The appellant contends that, notwithstanding the remittitur, his motion for a new trial, on the ground of excessive damages, should have been sustained, there having been no proof of actual pecuniary damage. We think the court did not err on this point. In this State a plaintiff who recovers in an action for the possession of real estate, is also entitled to recover for the use and occupation of the premises for a period not exceeding six years, and, in cases of wanton aggression on the part of the defendant, the jury may award exemplary damages. Secs. 598 and 610 of the Code of Practice; *Woodruff* v. *Garner*, 27 Ind. 4.

The statute having provided that in this form of action the plaintiff may recover actual, and in some cases punitive, damages, we think the general rule should apply, that when a plaintiff's rights have been invaded, and he gives no evidence of substantial injury, he is, nevertheless, entitled to recover nominal damages. 1 Sedgwick Damages, 71.

We can not say that one dollar was in excess of nominal damages in this case. See *Rosenbaum* v. *McThomas*, 34 Ind. 331.

The other alleged errors relate to certain rulings of the court at the trial. So much only of the evidence is given in

the bill of exceptions as was supposed necessary to show the pertinency of certain evidence admitted or excluded, and of instructions given and refused. From what does appear we infer that the principal contention at the trial was as to the actual eastern boundary of Centreville; but, if the parties desired to settle that question, they were unfortunate in the result attained, as the judgment does not fix or define such boundary at all. The judgment for the land follows literally the description in the complaint, making the western line of the plaintiff's land the eastern boundary of the town of Centreville. The judgment, therefore, so far as title and the right of possession were involved, left the case precisely where it was before the trial, as the plaintiff recovered no more land than the answer admitted he was entitled to.

Under the issue, if issue there was, the question of the location of the eastern boundary of Centreville was immaterial. The defendant admitted the plaintiff's right to the land east of that boundary, but denied that he was in possession of it. Had he filed a general denial the effect of the plea would have been to deny the plaintiff's title to the land, and to admit that the defendant was in possession. *Voltz* v. *Newbert*, 17 Ind. 187. The rule as to the necessity or propriety of adducing evidence to fix the eastern boundary of the town would be the same in either case.

In *Applegate* v. *Doe*, 2 Ind. 169, which was an action of ejectment for lot 105 in the town of Connersville, and the defendant had filed the consent rule, whereby he admitted himself to be in possession of the demanded premises, this court said: "The evidence relative to the line between lot No. 105 and the adjoining one, was entirely irrelevant. If the defendant is not really in possession of any part of lot No. 105, this judgment will not affect him in any other way except as to the costs of the suit."

So, in *Voltz* v. *Newbert*, 17 Ind. 187, which was a case closely resembling what the parties attempted to make of

this on the trial, the court cited and followed the ruling in *Applegate* v. *Doe, supra.* We quote the following sentence from the opinion: "Because, proof of possession in the defendant being unnecessary, the boundaries of the land described by the plaintiffs, are, in effect, conceded, and evidence tending to prove their location must of course be deemed immaterial." In the light of these authorities, it is clear that, under the pleadings in the case at bar, the location of the eastern boundary of the town of Centreville was not a question in controversy, and that question could not properly be determined, nor did the court assume, by its judgment, to determine it.

The record, consequently, presents no question for review, except the judgment for damages; and as the amount recovered was merely nominal, and no question of title or substantial right is affected thereby, the judgment ought not to be reversed because the damages awarded were one dollar instead of some smaller sum. A judgment will not be reversed because of a very small excess of damages. *Hall* v. *Hall*, 34 Ind. 314; *Maxwell* v. *Brooks*, 54 Ind. 98.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of appellant.