Holman v. Elliott et al.

No. 9415.

## HOLMAN v. ELLIOTT ET AL.

REAL ESTATE.—*Action to Recover.*—*Possession Admitted by Appearance and Pleading.*—By appearing and pleading to a complaint for the recovery of real estate, though by the general denial, a defendant admits for the purposes of the action his possession of the property.

SAME.—*Disclaimer.*—*Practice.*—*Judgment.*—In such an action a defendant may disclaim as to all or as to any part of the lands sought to be recovered, but if he join his co-defendants in a general denial of the complaint, he must stand or fall by the issue, and if the plaintiff prevails in respect to any part of the lands in question, he is entitled to judgment against such defendant though he had not in fact claimed or had possession of the land recovered.

SUPREME COURT.—*Special Verdict.*—*Evidence.*—In determining whether or not the proper judgment was rendered upon a special verdict, the Supreme Court can not consider the evidence.

From the Decatur Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.

Woods, C. J.—This case is here, as once before, upon an exception to the conclusion and judgment of the court upon a special verdict. See *Holman* v. *Elliott,* 65 Ind. 78. Since the taking of this appeal the death of Sanford Elliott, the appellee, has been suggested, and the names of his heirs at law have been substituted. Dallas S. Holman alone appeals, his co-defendants Derringer having disclaimed any interest, and Rowland W. and Cornet J. Holman having declined to join in the appeal.

The action was in ejectment, the complaint being in the usual form, for the recovery of six tracts of real estate, of which the defendants are alleged to have had and held wrongful possession. The defendants Holmans joined in a plea of general denial.

The finding shows that on and prior to the 1st day of August, 1867, Jesse L. Holman, the father of the defendants, was the owner in fee simple of four tracts of land described in the complaint, which, on the 19th day of the same month and

year, he conveyed to his sons Rowland and Cornet, two tracts to one, and two to the other, and on the same day conveyed the other two tracts described in the complaint to the appellant, Dallas; and that these conveyances were made with the intent, on the part of the grantor and grantees, to cheat, hinder and delay the creditors of the grantor, and especially for the purpose of cheating the plaintiff, the said Jesse L. Holman not retaining and having sufficient other property subject to sale on execution for the payment of his debts; that, on the 14th of August, 1867, the said Sanford Elliott had commenced an action against said Jesse L. Holman and John and Henry Yater, wherein, on the 27th day of the same month and year he recovered a judgment against the said defendants for the sum of $1,827.03, and costs, upon which, on October 10th, 1867, execution was issued, and the said John and Henry Yater being then, as at the date of the judgment, insolvent, the execution was levied upon some of the lands described in the complaint, and by virtue of the levy so made the said lands were afterwards sold and conveyed by the sheriff to the said Sanford Elliott.

For the purpose of disposing of this appeal the foregoing is a sufficient statement of the verdict.

"The defendants, each separately for themselves and together," moved "for a judgment for costs against the plaintiff" upon this verdict, and saved an exception to the adverse ruling; and thereupon, on motion of the plaintiff, the court gave judgment in his favor for the recovery of all the lands described in the complaint, to which ruling and judgment the defendants excepted.

The appellant insists that the verdict does not support a judgment against him, because it does not show that Jesse L. Holman was the owner or had title to the two tracts of land conveyed to him, and consequently fails to show that the plaintiff, who could recover only on the strength of his own title, had, by virtue of his purchase at the sheriff's sale, acquired

title.   If this construction of the finding be conceded, it does not avail the appellant.

By appearing and pleading to the action, though by a denial, the defendants admitted that at the commencement of the suit they were each and all in possession of all the lands sought to be recovered.   R. S. 1881, sec. 1056 ; *Applegate* v. *Doe*, 2 Ind. 169 ; *Voltz* v. *Newbert*, 17 Ind. 187 ; *Rucker* v. *Steelman*, 73 Ind. 396.   This admission is not, even if it could have been, affected by anything stated in the verdict.   The fact that on the 19th day of August, 1867, Jesse L. Holman had conveyed two parcels to the appellant was not proof, and tended with no certainty to show what part or interest he claimed when the suit was brought; and as the burden of proof was not on the plaintiff in this respect, the silence of the verdict on the point does not impair his right of recovery. *Graham* v. *State, ex rel.*, 66 Ind. 386 ; *Jones* v. *Baird*, 76 Ind. 164.   It follows, notwithstanding the appellant's objections, the plaintiff had a right to judgment against all the defendants Holmans for the recovery of four of the tracts of land in dispute, together with the costs of suit.   If the appellant had desired to present the question whether or not upon the facts found there could be a recovery of the two tracts conveyed to him, he, or he and his co-defendants, should have moved. for judgment against the plaintiff in respect to those tracts, or should have excepted specially to the judgment in favor of the plaintiff in so far as it affected or included them.   The objections made and the exceptions shown by the record do not raise the question.   The rule has been often declared that particular objections to judgments not wholly wrong must be pointed out, else the objection will be deemed to have been waived.   *Merritt* v. *Pearson*, 76 Ind. 44, and cases cited.

Judgment affirmed, with costs.

ON PETITION FOR A REHEARING.

WOODS, C. J.—Counsel for the appellant call attention to

sections 596, 597, 600 and 606 of the code of 1852, under which the trial was had, and insist that it is not true that the appellant, by appearing and pleading the general denial, admitted possession by him of all the lands sought to be recovered, and consequently that the plaintiff was entitled to judgment against him for costs and for the recovery of such portions of the land as were found to belong to the plaintiff.

We adhere to the proposition as stated in the opinion. There is nothing in it inconsistent with the statutory provisions referred to, which are, in substance, that, under an answer of general denial to a complaint for the recovery of real estate, the defendant may " give in evidence every defence to the action that he may have, either legal or equitable; " that " When the defendant makes defence, it shall not be necessary to prove him in possession of the premises; " that " Where there are two or more plaintiffs or defendants, any one or more of the plaintiffs may recover against one or more of the defendants, the premises, or any part thereof, or any interest therein, * * but the recovery shall not be for a greater interest than that claimed; " and that " The plaintiff must recover on the strength of his own title."

It may be observed that in section 613 it is provided that by disclaiming any interest or estate in the property, or by suffering judgment to be taken against him without answer, " the defendant shall recover costs."

If, instead of making common cause with other defendants, and putting the plaintiff upon proof of his title to all of the lands, *as against him,* the appellant had disclaimed any interest in the four tracts, and confined his denial to the two tracts which were conveyed to him, he would have been entitled to a decision whether, upon the facts found, the appellee was entitled to recover those two tracts; but, by denying the entire complaint, he joined issue with the plaintiff in respect to all the lands sought to be recovered; and, it being shown that the plaintiff was entitled to recover a part of the land, he was entitled to recover it of the appellant, whose possession was ad-

mitted or put beyond dispute, just as if he had been the sole defendant, or as if he alone had pleaded the denial. In a proper case, judgment will be rendered for or against one of two or more plaintiffs or defendants; but the defendant who would avail himself of that rule must be careful not to make or join others in making issues which he can not fully sustain.

If the judgment extends to property not described in the complaint, it is perhaps a void and harmless error; but in any event an exception to that part of the judgment, or to the overruling of a motion to strike it out, was necessary to present the question on appeal. *Merritt* v. *Pearson, supra.*

There are some other matters in the argument upon the petition in reference to points not presented in the original brief, but if considered they could not change the result. When considering the judgment upon a special verdict, references to the evidence are not permissible. *Shaffer* v. *Ryan,* 84 Ind. 140.

Petition overruled.