# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1888, IN THE SEVENTY-
THIRD YEAR OF THE STATE.

———◆———

No. 13,653.

### McAdams *v.* Lotton.

REAL ESTATE.—*Action to Recover.—Disclaimer.—Effect of.—Demurrer.*—Un-
der section 1072, R. S. 1881, a disclaimer by the defendant will not bar
an action to recover possession of real estate, nor defeat the plaintiff's
right to actual damages; but as the disclaimer is a confession, and its
office to save costs accruing subsequent to the judgment, a demurrer
to it will not lie.

SAME.—*Costs.*—If, in such a case, the defendant, in defiance of the judg-
ment and in opposition to his disclaimer, refuses to yield possession and
thus compels the plaintiff to take out a writ of ouster, he becomes lia-
ble for all costs.

From the Ohio Circuit Court.

*J. B. Coles,* for appellant.
*S. H. Stewart,* for appellee.

ELLIOTT, C. J.—The appellant alleges in his complaint
that he is the owner in fee of the land in controversy; that
the defendant wrongfully and unlawfully withholds posses-
sion, to the appellant's damage in the sum of one hundred

dollars. The appellee's answer, omittting the formal parts, is in these words: "The defendant disclaims any interest in the land of the plaintiff as described in his complaint." To this answer the appellant unsuccessfully demurred.

The answer is a disclaimer. It does not, however, do more than disclaim a present interest, for it does not assert that at the time the action was brought the defendant was not claiming an interest in the land. It limits the disclaimer to the time of interposing the defence. It does not deny the allegation of the complaint that the defendant wrongfully withholds possession, nor does it deny that this wrongful act caused the plaintiff damages. It does not admit the amount of damages, for amounts are not confessed by a failure to deny them; but it does admit that there is a right to some compensation for the wrong. The answer before us does not extend beyond the beginning of the action, for it concedes that there was a cause of action, since nothing is averred that shows that there was not a right to bring the action. We are not, therefore, dealing with an answer in the form of a disclaimer which shows that before action brought the defendant disclaimed title. It is, however, not easy to perceive, as will appear from what we shall say further on, how any disclaimer can be good as a plea in bar against a complaint averring that the defendant unlawfully withholds possession and showing a right to damages.

It is held in *Noe* v. *Card*, 14 Cal. 576 (609), that a disclaimer is not a proper pleading in an action of ejectment, and there seems to be a reasonable foundation for this doctrine. But the appellee builds upon section 1072, R. S. 1881, and insists that it makes a disclaimer proper in actions to recover real estate. This section, however, in terms refers to actions for partition and to actions to quiet title. In *Ragan* v. *Haynes*, 10 Ind. 348, it is expressly decided that it does not refer to actions to recover possession of real estate, for the section there referred to as section 613, is the same as section 1072 of the present code. The same rule was asserted in

McAdams v. Lotton.

*Hill* v. *Forkner*, 76 Ind. 115, and applied to a case very like the present.   It is true that in *McCarnan* v. *Cochran*, 57 Ind. 166, an answer in an action of ejectment was said to be in the nature of a disclaimer, and the section of the code we have mentioned was referred to as governing the case ; but that answer was very different from that now before us, and the remark of the court was a merely incidental one.   At common law a disclaimer in an action of ejectment was held proper by some of the courts, and it was also held to be a plea in confession, and precluded the further prosecution of the case at the costs of the defendant.   *Greeley* v. *Thomas*, 56 Pa. St. 35 ; *Killen* v. *Compton*, 60 Ga. 116.   But it is not easy to perceive how this can be entirely correct even where the common law prevails, for if the defendant is unlawfully in possession his disclaimer can not be justly held to deprive the plaintiff of a right to a judgment for possession.   If a disclaimer can have this effect, then a defendant may keep the plaintiff out of possession until after the action is brought, defeat his action by a disclaimer, and compel him to pay the costs of vindicating a clear legal right.   No principle of equity or justice sustains such a doctrine.   If a plaintiff has a right to relief, when he brings his action, he has a right to a judgment awarding him that relief.   If it. is his right to have relief, he can not be made to pay the costs of securing it.   But, however it may be at common law, it is clear that, under our statute, a disclaimer can not bar a plaintiff's right to a judgment.   This we say for the reason that, under our statute, a plaintiff is entitled to judgment for possession and for actual damages, while at common law a plaintiff in ejectment could only recover nominal damages.   *Dobbins* v. *Baker*, 80 Ind. 52 ; *Hays* v. *Wilstach*, 82 Ind. 13 ; *Hill* v. *Forkner*, *supra*.

The statutory rule is a just one, for if a plaintiff has been kept out of possession of his property, and another has reaped benefit and profit from the possession, he should account to the plaintiff.   Nor is there any necessity for two actions, for

the whole right may properly be redressed in one. *Boyd* v. *Cowan*, 4 Dallas, 138. But the rule is a statutory one, and needs no defence. As the law gives the plaintiff a right to damages, the defendant can not, it is perfectly clear, defeat that right. We conclude that a disclaimer does not bar the action nor defeat the right to damages.

It does not follow from the conclusion we have affirmed that the trial court erred in overruling the demurrer to the answer. The reason for this proposition is, that a disclaimer is a confession of the cause of action, and operates to preclude the plaintiff from prosecuting his case beyond a judgment awarding him possession and damages. *Greeley* v. *Thomas, supra; Killen* v. *Compton, supra.* It confesses that the plaintiff is entitled to that relief, and although it must follow from this that he is entitled to a judgment awarding him that relief at the costs of the defendant, still it does not necessarily follow that a disclaimer is bad on demurrer.

A disclaimer is essentially a confession, and this it purports to be. Its office is not to bar the action, but to save costs which accrue after the entry of a proper judgment embodying the relief the law awards the plaintiff. As it is all it professes to be, a demurrer will not lie. It only asks relief from costs subsequent to the judgment, and this it is sufficient to secure. If it is sufficient for the purpose for which it is pleaded, it can not be condemned. If, however, the defendant should, in defiance of the judgment, and in opposition to his disclaimer, refuse to yield possession, and thus compel the plaintiff to take out a writ of ouster, he would undoubtedly burden himself with all costs.

We hold that the court did not err in overruling the demurrer to the answer, but we also hold that it did err in refusing to permit the appellee to prove his damages, and in taxing him with costs. It was the duty of the court to hear evidence upon the question of damages, and to assess the damages actually sustained. *Hill* v. *Forkner, supra.* Involved in the right to prove damages is the right to prove all the

facts essential to a foundation for the assessment of damages. It was also the duty of the court to give the plaintiff judgment for the damages proved and for possession, together with costs.

