Filed May 13, 1894.

◆

No. 1,303.

SCOBEY v. THOMPSON.

QUIETING TITLE.—*When Plaintiff not Entitled to Judgment for Costs.*—The plaintiff, in an action to quiet title against a defendant not in possession, can not recover costs against the defendant, on default, simply because the defendant refused, on demand, to execute a quitclaim deed to plaintiff prior to bringing suit, nor because such defendant has acted wrongfully or fraudulently.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.
*J. D. Miller*, for appellee.

LOTZ, J.—The appellant brought this action against the appellee to quiet his title to a certain tract of real estate.

It is averred in the complaint that the appellant was the owner ånd in the possession of the land; that the appellee, for the purpose of injuring the appellant and defeating his title, went to a former owner of the land and fraudulently induced such former owner to make to the appellee a title on paper to said land, which the ap-

pellee caused to be recorded; that such paper title casts a cloud upon the appellant's title.

The appellee made default and the court rendered judgment in favor of the appellant, quieting his title as against the appellee's deed. The appellant then moved the court to tax all the costs of the case against the appellee. In support of his motion the appellant proposed to prove that prior to instituting this action, he presented to the appellee a draft of a quitclaim deed in which the appellant was named as the grantee and asked the appellee to execute the same; that the appellee refused to execute the same, and that appellant then informed the appellee that he (appellant) would be compelled to bring suit to quiet title; that appellee then said to appellant "Go ahead and bring your suit."

This evidence was excluded by the court and the motion to tax the costs against the appellee was overruled. These rulings present the only errors assigned.

An action to quiet title to real estate may be brought by any person either in or out of possession. Section 1082, R. S. 1894.

By section 1084, R. S. 1894, it is provided that "If in such cases the defendant disclaim * any interest or estate in the property, or suffer judgment to be taken against him without an answer, the defendant shall recover costs."

The cases referred to in this section are those in which the defendants are not in possession. *Ragan* v. *Haynes*, 10 Ind. 348; *McCarnan* v. *Cochran*, 57 Ind. 166; *McAdams* v. *Lotton*, 118 Ind. 1.

It is averred in the complaint that the appellant was in possession. This being true, this case is brought within the spirit and letter of the statute.

The appellant contends that the default admitted the fraud alleged in the complaint (section 386, R. S. 1894)

and that the proffered evidence would have established the wrongful and fraudulent conduct of the appellee; that it would be highly inequitable and unjust to compel the appellant to pay the costs under such circumstances.

The mere fact that the appellee refused to execute a quitclaim deed when requested does not of itself establish wrongful and fraudulent conduct. He may not have known the effect of such deed, but such fact when taken in connection with the averments of the complaint, admitted by the default, goes far toward establishing that the appellee was in fault. In this view it must be conceded that there is much force in appellant's argument.

The primary object in construing a statute, is to ascertain the legislative intent.

The Supreme Court, in construing section 1084, *supra,* has held that it applies only to those cases in which the defendant is not in possession. There is good reason for such construction, for if a defendant in possession should be permitted to disclaim or suffer a default and thereby escape costs, his conduct out of court would be at variance with his conduct in the court, and the plaintiff, to secure his full relief, might be compelled to resort to the process of the court to obtain the possession. It is manifestly the legislative purpose that the defendant referred to in the statute is not one who occupies such a dual position. The statute, as thus construed, means that a defendant not in possession may disclaim or suffer default, and thereby escape costs. But we can not extend its meaning without doing violence to its language. If we make it include those cases where the defendant has acted wrongfully or fraudulently we would be compelled to import words into the body of the statute to express this purpose. This we can not do.

The case, as presented, suggests legislative amendment to this section of the statute.

Judgment affirmed, at costs of appellant.

GAVIN, J., did not participate in this decision.

Filed April 20, 1894; petition for a rehearing overruled May 17, 1894.