Nov. Term,
1860.

MEYERS
v.
JOHNSON.

MEYERS and Another *v.* JOHNSON.

Where adjoining landed proprietors agree by parol upon a boundary between them, different from the true boundary, without any consideration except the mutuality of the agreement, it is not binding, unless acted upon to such an extent, as to make it inequitable for either party to set up the true boundary; as where improvements have been made on the faith of the agreement.

Such a parol agreement, based upon a valuable consideration, where it is so far performed as to be taken out of the statute of frauds, might be valid, and be enforced in a court of equity.

APPEAL from the *Floyd* Circuit Court.

WORDEN, J.—Suit by the appellee against the appellants for trespass *quare clausum fregit.* *Saam* pleaded *liberum tenementum.* Issue. Trial by jury. Verdict and judgment for the plaintiff below.

*Saturday,
December* 8.

*Johnson* and *Saam* were adjoining proprietors, and on the trial it became material to ascertain the boundary, or rather the division line, between them, and whether a certain fence was on the line.

The Court gave the following charge in this respect, viz:

"That fence might be in the right place in three ways: First. It would be in the right place if the true division line ran there. Second. Whether the true line ran where that fence stood, or not, if *Johnson* had held adverse peaceable possession for twenty years or more, before the defendants' entry, up to that fence, such peaceable adverse possession would give him a right up to that fence, although a correct survey should show that the original line ran elsewhere. Third. Even if the true line were somewhere else, and even if *Johnson* had not held peaceable possession up to the fence for twenty years before the defendants' entry, yet if *Johnson* and any former owner of the land adjoining, under whom the defendants claim, had at any time expressly agreed that the line, between the two tracts, was the fence going from the stake in the lane to the oak on the bank of the creek, then, by such agreement, that fence would become the line; and that agreement would bind, not only them, but all persons claim-

ing under them, no matter where the original line really was."

The defendants excepted to the third proposition, and claim that it is not correct in the abstract, or, if correct abstractly, that as applied to the evidence, it was erroneous, and had a tendency to mislead the jury. The evidence on the subject of an agreement as to the boundary is, that in 1854 or 1855, ·John Taylor, a surveyor, was called upon by one Hammond, who then owned the land now owned by Saam, and under whom Saam claims, to make a survey of his land, to ascertain the quantity in the tract; he supposing that he was taxed for a greater number of acres than there were in the tract. The surveyor did not run the lines as described in the deeds of the parties, but on going upon the land to make the survey, he was told by Johnson and Hammond that the fence stood on the line between them, and he therefore assumed that as the correct line, and made his calculations from it. We find no other evidence in the record showing an express agreement between the parties as to the boundary line.

However much weight this evidence might be entitled to, as an admission of the parties as to the boundary line, we think it proves no such agreement as will preclude the parties from showing where the true line really was. But, on the supposition that possibly an express agreement might be inferred from the evidence, still the charge of the Court, which was objected to, we think was wrong, and can not be sustained.

It is, perhaps, not easy to reconcile all the decisions in respect to the validity of parol contracts as to the boundary of lands. The cases on this subject are mostly collected at page 649 et seq., of 2 Smith's Lead. Cases, 5th Am. Ed.

The deduction which we draw from the general course of decisions is, that where adjoining proprietors agree by parol upon a boundary line between them, different from the true boundary, and no consideration moves from one to the other, except the mutual agreement that the line agreed upon shall be considered the true one, in order to make such agreement conclusive, (in cases where the statute of limitations has no application,) it is necessary that it

should have been acted upon, and followed by the expenditure of money, or the making of improvements, on the faith of the agreement; or other circumstances must have transpired which would render it inequitable for either party to set up the true boundary, and which would estop him to do so.

A parol agreement between adjoining proprietors, based upon a valuable consideration, establishing a boundary different from the true one, where it is so far performed as to be taken out of the statute of frauds, might be valid, and be enforced in a court of equity, as our Courts now are; but such is not the case before us.

The charge given, assumes that the simple agreement as to the boundary line, was, of itself, sufficient to conclude the parties; and in this we think the Court erred.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for a new trial.

*T. L. Smith* and *M. C. Kerr*, for appellants.

(1) Counsel for appellants cited the following authorities: *Spaulding* v. *Warren*, 25 Verm. R. 316; *Jackson* v. *Van Coolier*, 11 Johns. R. 123; *Jackson* v. *Odgen*, 7 Johns. 238; *Jackson* v. *Douglass*, 8 Johns. R. 367; *Stuveysant* v. *Tompkins*, 9 *id.* 61; *Jackson* v. *Woodruff*, 1 Cowen, 276; *Boyd* v. *Graves*, 4 Wheat. 502.