Tate *et al. v.* Foshee *et al.*

Filed Feb. 13, 1889.

———————◆———————

No. 13,618.

TATE ET AL. *v.* FOSHEE ET AL.

REAL ESTATE.—*Parol Contract of Exchange.*—*Performance.*—*Statute of Frauds.*—*Estoppel.*—Where parties enter into a parol agreement to exchange part of their respective lots for the purpose of rectifying and straightening the boundary lines, and the agreement is fully carried into effect and possession surrendered, the transfer is valid, and the parties are estopped from asserting title to the ground which they have respectively exchanged.

From the Posey Circuit Court.

*W. P. Edson* and *F. P. Leonard,* for appellants.

*A. P. Hovey, G. V. Menzies* and *E. M. Spencer,* for appellees.

ELLIOTT, C. J.—In 1872 William Foshee and Charles Leonard were the owners of lots in the city of Mount Vernon, and in that year they entered into an agreement to exchange part of their respective lots for the purpose of rectifying and straightening the boundary lines of their lots. During that year this agreement was carried into effect. A new dividing line was agreed upon, a division fence erected, and Foshee, in

pursuance of his agreement, graded and gravelled a street in front of Leonard's property. Foshee was placed in possession of the parcel of land now claimed by the appellants, and Leonard was put in possession of the parcel which it was agreed he should receive in exchange.

The law is decisively and plainly with the appellees. The agreement for the exchange, although in parol, is not within the statute of frauds, because it was not only partly performed, but was completely executed. Leonard acquired a complete and perfect title. There was, in effect, a valid parol partition, fully executed, and also an effectual establishment of a boundary line, so that the transfer was as effective as if it had been made by deed. *Bruce* v. *Osgood,* 113 Ind. 360; *Wright* v. *Jones,* 105 Ind. 17; *Hauk* v. *McComas,* 98 Ind. 460; *Gay* v. *Parpart,* 106 U. S. 679; *Kinsey* v. *Satterthwaite,* 88 Ind. 342; *Main* v. *Killinger,* 90 Ind. 165.

In addition, there is present the element of estoppel, which effectually precludes Leonard or his heirs from asserting title. *Pitcher* v. *Dove,* 99 Ind. 175.

The proper offer of proof was not made, and, therefore, no question is presented on the ruling denying the appellants the right to propound the interrogatory which they proposed to ask Mattie L. Tate.

Judgment affirmed.

Filed Feb. 14, 1889.