## ADAMS v. BETZ.

[No. 20,842. Filed October 4, 1906.]

1. APPEAL AND ERROR.—*Briefs.—Omissions by Appellant.—Supply by Appellee.*—Where the necessary parts of the record to present the errors assigned are not set out in appellant's brief, but the appellee's brief supplies same, such errors will be considered. p. 164.

2. SAME. — *Weighing Evidence. — Quieting Title. — Jury.*—The Supreme Court will not, under §641h Burns 1905, Acts 1903, p. 338, §8, weigh the evidence in a quiet-title case, since such case is triable by jury. p. 164.

3. QUIETING TITLE.—*Boundaries.—Parol Partition.*—Where heirs divide lands, giving to plaintiff fourteen acres from the west side of an eighty-acre tract, the other heirs selling their tracts to defendant's grantor, and the plaintiff and such grantor orally established the boundary line and built a fence thereon, maintaining the same ten years, the defendant purchasing from the grantor such tract, "except fifteen acres" off of the west end, such purchased tract containing sixty-five acres "more or less," plaintiff is entitled to a decree quieting his title to the lands up to such fence, especially since defendant knew of such division and since the other heirs and such grantor subsequently conveyed to him all land within the boundaries marked by such fence. p. 164.

4. ACTION. — *Parties. — Reformation of Instruments.—Deeds.— Quieting Title.*—Plaintiff, by joining his grantor with the adjoining owner as a codefendant, may have reformation of his deed to cover a certain tract intended to be included in such deed, and also quiet his title to such tract as against such adjoining owner. p. 168.

5. NOTICE. — *Possession. — Quieting Title.* — The possession of lands up to a fence is notice, to a purchaser of adjoining lands, of title by such possessor. p. 168.

6. DEEDS. — *Description. — Acres Conveyed.—"More or Less."*— The words "more or less" following the number of acres conveyed by a deed, usually characterize such number as matter of description and not of the essence of the contract. p. 169.

7. PARTITION. — *Parol. — Boundaries.—Estoppel.—Limitation of Actions. — Adverse Possession.* — A parol agreement, without fraud, fixing an unknown or disputed boundary line, acted upon by the parties, estops such parties or those claiming under

them from afterwards disputing such line; and the possession held under such agreement need not be shown to be adverse for the period prescribed by the statute of limitations.    p. 169.

8.    DEEDS.—*Boundaries.*—*Disputed Title.*—Where a grantor conveyed certain lands, bounded by a fence, located, though erroneously, on the supposed line, said conveyance containing in fact fewer acres than was supposed, a subsequent deed by the grantor and others interested of the disputed tract beyond the fence puts at rest the title to said disputed tract as against any claims of the grantee of the lands bounded by such fence. p. 170.

9.    EVIDENCE.—*Parol.*—*Contracts.*—*Boundaries.*—*Partition.*—In a suit to quiet title to lands enclosed by a fence, evidence of a parol agreement between plaintiff and defendant's grantor that such fence should mark the true boundary line between their lands, is admissible.    p. 171.

From Randolph Circuit Court; *J. W. Macy,* Judge.

Suit by George Betz against James J. Adams.    From a decree for plaintiff, defendant appeals.    Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Affirmed.*

*John W. Headington,* for appellant.

*Fred S. Caldwell, Emerson E. McGriff* and *James J. Morgan,* for appellee.

JORDAN, C. J.—Suit by appellee to quiet title to certain lands situated in Jay county, Indiana, described as fifteen acres off of the entire west end of the north half of the northeast quarter of section twenty, township twenty-four north, range fifteen east, more particularly described by metes and bounds.    The suit was originally commenced and tried in the Jay Circuit Court, and resulted in a finding and judgment in favor of appellee.    A new trial under the statute was granted to appellant, and on his motion the cause was venued to the Randolph Circuit Court.

Appellant by his answer to the complaint disclaimed any interest to a certain part of the lands described.    He filed a cross-complaint, making the appellee the sole defendant thereto, wherein he alleged that on December 2, 1902, he

purchased certain real estate from Joseph M. Minch, at that time the owner thereof, in consideration of the sum of $3,000; that Minch and wife executed to him a warranty deed for the following described real estate, situated in Jay county, Indiana: The north half of the northeast quarter of section twenty, township twenty-four north, range fifteen east, except fifteen acres off of the entire west end of said tract. Appellant further alleged in his cross-complaint that at the time of said conveyance by Minch the latter was the owner of sixty-five acres of land, more or less, which land is described in the cross-complaint by metes and bounds, and it is alleged that this land is the tract which Minch intended to convey to appellant, but by reason of a mutual mistake of said grantor and grantee, and the scrivener who drafted the deed, the land was described as the north half of the northeast quarter, etc., setting out the description as hereinbefore given; that, by reason of said mistake, the deed executed by Minch and wife to appellant did not convey to him all the land which he purchased and which was intended by his said grantor to be conveyed to him. It is further averred that appellee, "for the purpose of cheating and defrauding the plaintiff of a part of his land, procured said Joseph M. Minch to make and execute to him a quitclaim deed for fifteen acres off of the entire west end of the west half of the northeast quarter of section twenty, township twenty-four north, range fifteen east, in Jay county, Indiana, which casts a cloud upon a part of plaintiff's title." The prayer of the cross-complaint is that appellant's title to the lands therein described by metes and bounds be quieted, and for all other and proper relief. Upon the issues joined there was a trial by the court and a finding in favor of appellee, and, over appellant's motion for a new trial, a decree was entered quieting appellee's title to the lands in controversy.

The only error assigned in this appeal is that the court erred in overruling the motion for a new trial. No errors

raising the sufficiency of the complaint are assigned.

1. Those discussed by appellant's counsel are that the finding of the trial court is not sustained by the evidence and is contrary thereto, and that the court erred in admitting certain evidence. Appellee's counsel insist that none of the points presented by appellant should be considered, for the reason that he has not complied with rule twenty-two of this court in the several respects mentioned, especially in his failure to set forth the evidence as required by said rule. This contention is in the main verified by an examination of appellant's brief, and were it not for the fact that counsel for appellee in their brief have, at least in part, supplied the omission of appellant we would dismiss the appeal without consideration. Appellant requests that this court, under the provisions of sec-

2. tion eight of the act of 1903 (Acts 1903, p. 338, §641h Burns 1905), weigh the evidence and award judgment in accordance with the weight thereof. A suit, however, to quiet title to real estate is triable by a jury (*Puterbaugh* v. *Puterbaugh* [1892], 131 Ind. 288, 15 L. R. A. 341, and cases cited), consequently section eight of the statute in question does not apply to the case at bar, for by its express provision it is limited to cases not triable by a jury as a matter of right.

There is evidence in the record to establish the following facts: The eighty acres of land out of which the tract in controversy was carved was originally owned in fee

3. simple by Jackson F. Betz. He died intestate the owner thereof, leaving appellee, his son, and five other children as his only heirs at law. After his death these children made partition of the eighty acres by executing to each other partition deeds. The part now claimed by appellee was set off to him in this partition, and, as it appears, was intended to embrace fifteen acres, excepting one acre which was held by Wabash township for school purposes, and which was subsequently, and prior to the

commencement · of this suit, purchased by appellee and conveyed to him by the proper township trustee. He was in possession of the premises and was residing thereon with his family at the time Joseph M. Minch became the owner of the remainder of the land through deeds of conveyance executed to him by the brothers and sisters of appellee. When Minch became the owner of the land lying east of the part occupied and claimed by appellee there was no partition fence or other dividing line between the two tracts, namely the one purchased by Minch and the one held by appellee. Thereupon Minch and appellee agreed to establish a boundary line and erect a partition fence thereon. Minch recognized that appellee owned fifteen acres of the eighty-acre tract, fourteen of which he had acquired as an heir of his father, and which had been set off to him under the partition heretofore mentioned, and the · other acre which he had purchased from the township trustee as heretofore stated.

The man whom Minch selected to represent him, together with appellee, made measurements of the land and ran a division or boundary line north and south. The parties then by agreement constructed a wire fence on this agreed boundary line, which divided the lands of Minch on the east and those of appellee on the west. Minch acquiesced in this division and was fully satisfied that he had his portion of the eighty acres, and during the ten years and more in which he owned and held the lands adjacent to those of appellee he recognized and accepted the fence so erected and maintained, and acted upon by the parties, as the true dividing line, and never in any manner disputed nor called the same in question. Minch during the entire period of his ownership after the erection of this partition fence cultivated the lands on the east of this fence, and appellee likewise cultivated the land lying west thereof up to the fence. Appellant long prior to his purchase from Minch resided in the immediate vicinity of these lands, and

at and before his said purchase saw this boundary or division fence and saw and knew that Minch and appellee cultivated the lands on each side thereof to said fence.

On December 2, 1902, Minch and wife, in consideration of $2,800, sold and conveyed to appellant by warranty deed the land situated east of this boundary or partition fence. This deed described the land as follows: "The north half of the northeast quarter of section twenty, township twenty-four north, range fifteen east, except fifteen acres off of the entire west end thereof," stating that the land therein conveyed was sixty-five acres, "more or less." It was further stipulated in this deed that the land was conveyed to appellant by Minch subject to a mortgage of $3,000, executed to the Dickson Lumber Company, which mortgaged indebtedness appellant in the deed assumed and agreed to pay.

During the negotiations between Minch and appellant for the sale and purchase of the land, and prior to the execution of the deed thereto, a paper containing a description of the land which Minch proposed to sell and convey to appellant was placed in the hands of the latter. The description therein contained and set out excepted from the conveyance the following real estate: "A strip or parcel of land containing fifteen acres off of the entire west end of said tract above described, now owned by George Betz." After the sale and conveyance of the land by Minch to appellant the latter discovered, through a survey which he procured to be made, that if the tract conveyed to him by Minch covered or embraced sixty-five acres it would be necessary to change the boundary line so as to extend it two rods west of the old boundary fence agreed upon and erected, as hereinbefore stated, by Minch and appellee. The latter about the same time discovered that he had not fully acquired title to the fifteen acres which he claimed, or to all of the land lying west of said boundary or partition fence; or, in other words, he discovered that there was a strip of land two rods wide extending along the entire

width of the eighty-acre tract at the east end of the sup-
posed fifteen acres which was not covered by the partition
deed executed to him by his brothers and sisters.  He im-
mediately procured from Minch for a nominal considera-
tion a quitclaim deed covering and embracing this strip,
and also procured a warranty deed from his brothers and
sisters conveying this strip to him.  This latter deed, as the
evidence discloses, was made for the purpose of correcting
the former partition deed.

Thereafter appellant continued to claim title to this strip,
insisting that there was a mistake in the description con-
tained in the deed of Minch and wife to him, his insistence
being that the land should have been described in the Minch
deed by metes and bounds; that Minch's grantors had con-
veyed more land to Minch than the latter had conveyed to
him.  Appellant thereupon, over the objections of appellee,
began to build a division fence on the land claimed by ap-
pellee, erecting it two rods west of the old boundary fence.
Appellee then instituted this action.

A consideration of the evidence in this case thoroughly
satisfies us that the judgment of the lower court is a correct
result.  The facts established thereby clearly disclose that
appellee is the legal owner of the land in dispute, and is
entitled to have his title thereto quieted and set at rest as
against the claims made by appellant.  Counsel of the latter,
however, insist that the evidence shows that Minch by his
conveyance to appellant intended to sell and convey all of
the land which he owned and held in and to the eighty-acre
tract by virtue of the conveyance to him by the children and
heirs of Jackson F. Betz, to which we have herein referred,
further contending that it was the intention of both appel-
lant and Minch to have such a description in the deed exe-
cuted by the latter to the former as would embrace or cover
all the lands so owned by Minch; that the exception of
fifteen acres off the entire west end of the tract conveyed
was a mutual mistake, and that, therefore, appellant, under

his cross-complaint, is entitled to have said deed reformed so as to comply with the intention of the parties.

It is true that if the appellant had made Minch, his grantor, a codefendant with appellee to a cross-complaint in this action, he might thereunder, on a sufficient showing, have secured a reformation of the deed of conveyance to him from Minch so as to cover all of the real estate intended by the parties at the time of the sale to be conveyed, and then had his title thereto quieted as against appellee. *Smith* v. *Kyler* (1881), 74 Ind. 575; *Hunter* v. *McCoy* (1860), 14 Ind. 528; §280 Burns 1901, §279 R. S. 1881. The trial court, however, appears to have found adversely to appellant on all the issues which he tendered by his cross-complaint, and the evidence fully supports this finding. Minch on the trial testified that he intended to convey to appellant only the land which he owned lying east of the boundary fence between him and appellee. Other evidence in the case fully corroborates his testimony in this respect.

As heretofore stated in our summary of the evidence, it appears that sometime before the execution of the deed from Minch to appellant the latter was given a paper containing a description of the real estate which Minch intended to convey. The description therein contained excepted a strip or parcel of land containing fifteen acres owned by George Betz, the appellee herein, off of the entire west end of the tract to be sold and conveyed. Appellant, when he purchased the land, saw the boundary or partition fence in question, and knew that appellee was in possession of the land west thereof, and saw that Minch and he cultivated their lands up to the fence on their respective sides. These facts were sufficient notice to appellant to put him upon inquiry as to appellee's claim or right in the land west of the fence. *Kinsey* v. *Satterthwaite* (1882), 88 Ind. 342; *Barnes* v. *Union School Tp.* (1883), 91 Ind. 301.

As is shown, a definite piece of land—fifteen acres—was excepted by Minch in his deed to appellant from that portion of the eighty acres which he conveyed. The part conveyed was stated to be sixty-five acres, "more or less." The authorities as a general rule affirm that where it appears in a deed of conveyance of land by the qualifying words "more or less," the statement of the number of acres in the deed is a mere matter of description, and not of the essence of the contract, the purchaser, in the absence of fraud, takes the risk as to the quantity of acres conveyed to him. *Tyler* v. *Anderson* (1886), 106 Ind. 185; *Moore* v. *Harmon* (1895), 142 Ind. 555.

Appellant contends that the boundary line established under the agreement between Minch and appellee could not alone operate to give any title to lands west of said line with which appellee was not invested at the time the line was so established. It is disclosed, however, that at the time the boundary line in question was established by Minch and appellee there had been no definite or certain division line located between their respective tracts. It appears from the evidence that each of these parties in good faith located and established what they believed to be a true division line between their adjoining tracts of land. This line, after it was located, was, for at least a period of ten years prior to the sale by Minch to appellant, recognized and accepted by each of the owners as the true dividing line between them. The line was under the circumstances what may be termed a practical location of the boundary line, and certainly, if not conclusive in respect to the boundaries of the respective premises, it afforded strong evidence as against either Minch or appellee, and all persons claiming through or under them, that it was the true boundary or dividing line of the lands in question. 5 Cyc. Law and Proc., 930-935.

As a general rule, it is affirmed by the authorities that where owners of adjoining premises establish by agreement

a boundary or dividing line between their lands, take and hold possession of their respective tracts, and improve the same in accordance with such division, each party, in the absence of fraud, will thereafter be estopped from asserting that the line so agreed upon and established is not the true boundary line, although the period of time which has elapsed since such line was established and possession taken is less than the statutory period of limitation. 1 Cyc. Law and Proc., 1036; 5 Cyc. Law and Proc., 930-935; *St. Bede College* v. *Weber* (1897), 168 Ill. 324, 48 N. E. 165; *Tate* v. *Foshee* (1889), 117 Ind. 322; *Pitcher* v. *Dove* (1885), 99 Ind. 175, and authorities cited; *Meyers* v. *Johnson* (1860), 15 Ind. 261. The general rule recognized by the authorities is that a boundary line located under such circumstances, in the absence of fraud, becomes binding on the owners establishing it; not on the principle that the title to the lands can be passed by parol, but for the reason that such owners have agreed permanently upon the limits of their respective premises, and have acted in respect to such line, and have been controlled thereby, and, therefore, will not thereafter be permitted to repudiate their acts.

But appellee need not and does not base his right to the strip of land in dispute upon the location of the boundary line in question, for appellant virtually concedes

8. that the deed of conveyance from Minch to him did not cover the strip of ground in controversy, and as appellant under the evidence has not presented a case entitling him to have the Minch deed reformed, and as Minch and the brothers and sisters of appellee, some time before the commencement of this action, conveyed to him all of the interest and title which they or either of them had in and to the land here in controversy, therefore, whatever infirmity or deficiency may have previously existed in respect to appellee's title to the strip of ground involved has been cured by said conveyances.

Appellant complains of the action of the trial court in permitting parol evidence to be introduced relative to the establishment of the old boundary line by Minch and appellee. It is contended that what was done by these parties in establishing said line was done in the absence of appellant and without his knowledge, and that no record was made to notify subsequent purchasers of the location of this line. But as heretofore stated, after the location of the line by Minch and appellee a partition fence was erected and maintained thereon by said parties for a period of over ten years, each cultivating his respective premises to this fence. This was the condition of affairs at the time appellant made his purchase. These facts, as previously asserted, were sufficient notice to appellant. A valid agreement between owners of lands locating a boundary line between them is binding upon each and all persons claiming under or through them, or either of them. 5 Cyc. Law and Proc., 933. There was no error in admitting the evidence in question. *Pitcher* v. *Dove, supra.*

Some minor rulings of the court are called in question, but these, if they be conceded to be erroneous, were harmless, and could have exerted no influence over the decision of the trial court.

Judgment affirmed.