## FURST ET AL. *v.* SATTERFIELD.

[No. 6,475. Filed November 23, 1909.]

1. APPEAL.— *Weighing Evidence.— Boundaries.— Ejectment.—* Evidence showing that the plaintiffs' remote grantor and the defendant secured a surveyor to ascertain the boundary line between their lands, and that they were content therewith and constructed a fence thereon, each building one-half thereof, sustains

a finding of the trial court that the boundary line was agreed upon. p. 617.

2.. APPEAL.—*Weighing Evidence.*—Where there is any evidence tending to support the finding of the trial judge, such finding will be sustained on appeal. p. 617.

3. BOUNDARIES.—*Estoppel.*—*Contracts.*—Where adjoining proprietors agree upon a boundary line and jointly erect a partition fence thereon, they and their grantees are estopped from repudiating or denying such agreement. pp. 617, 618.

4. EJECTMENT.—*Title.*—*Burden of Proof.*—In an action in ejectment the burden is upon the plaintiffs to establish their own title, and they cannot recover by merely showing the weakness of their adversary's title. p. 618.

5. TRIAL.—*Special Findings.*—*Omissions.*—*Ejectment.*—Where the special findings in an action in ejectment omit facts material to the plaintiff's case, it will be considered that such facts were not proved, and the plaintiffs cannot recover. p. 619.

6. EJECTMENT.—*Demand.*—*Necessity for.*—Where plaintiffs' remote grantor sold land to the defendant and put him in possession thereof, the plaintiffs, to recover a portion thereof, must make a demand therefor before the commencement of an action in ejectment. p. 619.

7. EJECTMENT.—*Right of Possession.*—Ejectment lies only where the plaintiff has a present right to the possession of the land. p. 619.

From Delaware Circuit Court; *John M. Morris*, Special Judge.

Action by Christian Furst and another, against John H. Satterfield. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Lincoln Lesh, William W. Mann* and *W. A. Thompson*, for appellants.

*Walter L. Ball, Albert E. Needham* and *George H. Koons*, for appellee.

WATSON, J.—The appellants brought this action against the appellee in ejectment to recover a strip of land nineteen feet wide, on the west side of their land in section thirty-one, township twenty-one, range eleven east, in Delaware county, Indiana. The court, upon request, made a special finding of facts and stated its conclusions of law thereon.

The facts are, in substance, as follows: On November 28, 1885, Samuel Beall was the owner and in possession of the north half of section thirty-one, township twenty-one, range eleven east, in Delaware county, Indiana. On said day he sold and conveyed (his wife joining therein) to John H. Satterfield, defendant herein, the east half of the northeast quarter of said section, township and range, also a tract off the east side of the west half of the northeast quarter of said section, township and range, so as to make the whole amount conveyed to said grantee 100 acres, after excluding therefrom the right of way of the Lake Erie and Western Railway Company through and over the east half of said quarter section. Said Satterfield was immediately put in possession of said land so purchased by him from said Beall, and has ever since continued in actual, uninterrupted and exclusive possession thereof, and has so occupied and had possession of the same up to the line fence thereafter built on the west line of said land as a partition fence between the lands of said grantor and said grantee. On November 28, 1885, the line dividing said lands was unascertained and uncertain, and continued so thereafter until the same was fixed and agreed upon by and between them. In the spring of 1886 they agreed with each other to procure William Truitt, a civil engineer, to ascertain and fix the line dividing their lands. Said surveyor so fixed the line dividing the land of Samuel Beall on the west and the land of John H. Satterfield on the east, and set stakes along said line so fixed, and placed stones at each end thereof, and thereupon said Beall and said Satterfield mutually agreed with each other that the line so surveyed and fixed by said Truitt, and said corners so established on the north and south ends of said line and marked by said stones, should constitute the line between their respective lands. Thereafter, in the spring of 1886, they built a partition fence along and upon the line so established by said Truitt, and as agreed upon between them, said Beall building the south

half thereof and said Satterfield building the north half thereof, and each thereafter cultivated and occupied the land up to said fence. The correct line was and should have been nineteen feet east of said partition fence. On March 27, 1900, Samuel Beall sold and conveyed by warranty deed to George R. Mansfield the adjoining lands, which were enclosed on the east side by said partition fence, and thereafter said George R. Mansfield sold and conveyed to John E. Reed the same lands, and afterwards John E. Reed sold and conveyed the same lands to Christian Furst and Emma L. Furst, appellants herein. Plaintiffs are not the owners of the real estate described in their complaint, and have no right, title or interest therein or thereto, and are not entitled to possession thereof or to a decree quieting their title thereto.

The court stated its conclusions of law as follows: (1) The law is with the defendant. (2) Plaintiffs are not entitled to any relief in this action. (3) The plaintiffs are not the owners of the real estate described in their complaint, and have no right, title or interest therein and thereto, and are not entitled to possession thereof or to have their title quieted thereto.

The appellants excepted to each of the conclusions of law, and have assigned in this court as errors that the court erred (1) in its conclusions of law and each of them; (2) in overruling appellants' motion for a new trial. The errors are thus assigned in a number of ways, and are to the effect that the decision of the court is not supported by sufficient evidence and is against the weight of the evidence.

It is true, as appellants say, that the question in the case is whether the appellants are estopped, by reason of the erection of the partition fence by Beall and Satterfield, from claiming the strip of land nineteen feet wide on the east end of their tract so bought from John E. Reed.

The appellants insist that the fifth finding, which, among other things, states that on November 28, 1885, the line di-

viding the lands of Samuel Beall, now the lands of appellants, and the lands of appellee were "unascertained and uncertain, and continued so until the same was fixed and agreed upon by them" in the spring of 1886, is not supported by any evidence. The evidence established the fact that Beall and Satterfield talked about ascertaining where the line was, and for this reason there must have been some difference or misunderstanding as to the location thereof. In order to ascertain and establish the line they secured a surveyor to survey their lands and fix monuments, and thereupon they agreed that the line so established by the surveyor should be the line between them, and they built a fence upon said line, each building one-half thereof, which has ever since been treated as the line dividing said lands.

Sylvester Satterfield, a son of the appellee, testified that he was present at the survey, and heard his father and Beall talking about the fence, and both said they were satisfied with the survey; that they would build the fence on the line connected by the two corner stones established by the survey. Upon the examination of this record we find that there is evidence to sustain the findings of the trial court.

If supported by any evidence, the finding will stand, for the reason that the appellate tribunal considers only such evidence as tends to sustain the finding challenged. It is only when this court can say there is no evidence in the record on which the finding is based that we are warranted in disturbing it. *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679; *Fox* v. *Cox* (1898), 20 Ind. App. 61; *Blakey* v. *New York Life Ins. Co.* (1902), 28 Ind. App. 428, and authorities cited.

By the fifth finding in the case at bar, the court found that the line dividing the lands of appellee and Samuel Beall was "unascertained and uncertain until the same was fixed and agreed upon by and between them," and it was further found that after the same

was so agreed upon each party made improvements on said line, and occupied and claimed the land up to the partition fence. They and their grantees are, therefore, estopped from repudiating or denying this agreement.

In this action the burden was upon the appellants not only to show that the title was in them, but that they were entitled to the possession of the real estate involved in this controversy, and if they recover they are required to do so upon the strength of their own title, regardless of whether the appellee's title was weak or whether he had any title at all. *Wilson* v. *Johnson* (1896), 145 Ind. 40; *Roberts* v. *Baumgarten* (1888), 110 N. Y. 380, 18 N. E. 96; *O'Brien* v. *Gaslin* (1888), 24 Neb. 559, 39 N. W. 449; *West* v. *Bretelle* (1893), 115 Mo. 653, 22 S. W. 705.

It is the law that where the line dividing the land of adjoining owners is uncertain, and as to which the parties themselves are in doubt, and if, for the purpose of ascertaining the true and dividing line, they meet and establish a line that they believe to be the true and correct one, and thereupon by agreement divide the partition fence so that each shall build his portion thereof, and afterwards each builds his portion of the fence in accordance with the agreement, and takes possession and cultivates the land up to the line so established in connection with his other lands, each party is thereafter estopped from asserting that the fence so erected and built on the line agreed upon is not the true dividing line between the lands. *Meyers* v. *Johnson* (1860), 15 Ind. 261; *Tate* v. *Foshee* (1889), 117 Ind. 322; *Horton* v. *Brown* (1891), 130 Ind. 113; *Sharp* v. *Blankenship* (1885), 67 Cal. 441, 7 Pac. 848; *Miller* v. *McGlaun* (1879), 63 Ga. 435; *Sonnemann* v. *Mertz* (1906), 221 Ill. 362, 77 N. E. 550; 4 Am. and Eng. Ency. Law (2d ed.), 860; 5 Cyc., 935, and authorities cited.

The burden in this case was upon the appellants. Therefore, if any material fact is not found necessary to their right

of recovery therein, it will be taken as not proved, and as against them. *Peele* v. *Ohio, etc., Oil Co.* (1902), 158 Ind. 374; *State Bank* v. *Backus* (1903), 160 Ind. 682; *Gray* v. *Taylor* (1891), 2 Ind. App. 155; *Metropolitan Life Ins. Co.* v. *Bowser* (1898), 20 Ind. App. 557; *McGrew* v. *Taylor* (1900), 24 Ind. App. 578.

There is no finding that any demand was made upon appellee for the possession of this tract before the commencement of this action, nor is there any evidence that would warrant such a finding.

The court, however, did find that when Samuel Beall sold and conveyed the land to the appellee, and thereafter put him in peaceable possession thereof, and when the line fence was agreed upon and built, he continued to occupy the land in controversy in peaceable possession, by and with the consent of his grantor.

It is a familiar rule of law that in ejectment the plaintiff must recover on the strength of his own title, and show in himself a present right to the possession of the land in controversy without regard to the character of the defendant's possession or claim. Therefore, the appellee, being lawfully and peaceably put in possession of said land, it was necessary that a demand be made of him for the same before the bringing of this action. *Clawson* v. *Doe* (1840), 5 Blackf. 300; *Stackhouse* v. *Doe* (1841), 5 Blackf. 570; *Doe* v. *Brown* (1844), 7 Blackf. 142, 41 Am. Dec. 217; *Prentice* v. *Wilson* (1852), 14 Ill. 91; *Prigg* v. *Commonwealth, etc.* (1842), 41 U. S. *539, 10 L. Ed. 1060.

The court did not err in its conclusions of law, and the judgment is therefore affirmed.