## SEAVER *v.* VONDERAHE ET AL.

[No. 10,250.   Filed April 28, 1920.   Rehearing denied November 16, 1920.   Transfer denied January 14, 1921.]

1. APPEAL.— *Review.— Harmless Error.— Instructions.—* In an action to quiet title in which the complaint alleged defendant's possession of the realty in controversy, though an instruction that the general denial required plaintiff to prove such possession was erroneous, since §1102 Burns 1914, §1056 R. S. 1881, relieved him of that burden, the error was harmless where the uncontradicted evidence established defendant's possession. pp. 634, 635.

2. APPEAL.—*Prejudicial Error.—Instruction Misplacing Burden of Proof.—*As a general rule, the giving of an instruction which places the burden of an issue on the wrong party is reversible error, except where the record affirmatively shows that such error was harmless. p. 635.

3. BOUNDARIES.— *Agreement on Boundary.— Estoppel.—* Where adjoining landowners, who are in doubt as to the location of their division line, meet and establish such line by an agreement, and thereafter make substantial improvements with reference thereto, and occupy adjacent land in accordance with such agreement, they are estopped from disputing the line so agreed upon. p. 635.

4. APPEAL.— *Review.— Harmless Error.— Refusal of Instructions.—*In an action to quiet title, error, if any, in refusing plaintiff's requested instructions, which merely described the realty in controversy and stated that plaintiff was seeking to quiet his title thereto and recover possession thereof, and that its identity was not in dispute, *held* harmless, in view of the undisputed facts shown by the evidence. p. 636.

5. APPEAL.— *Review.— Harmless Error.— Refusal of Instructions.—*In an action to quiet title involving the location of the division line between adjoining tracts of land, where defendants did not contend that a line established by the county surveyor and agreed upon by plaintiff's remote grantor and defendants was the true line, measured by the United States survey, but claimed that plaintiff was estopped from disputing such agreed boundary, any error in refusing plaintiff's re-

quested instructions that the line run by the county surveyor was an erroneous line, was harmless, especially as such requested instructions, in so far as they stated the law correctly, were substantially covered by other instructions given.   p. 636.

6.  APPEAL.—Review.—Misleading Instruction.—Refusal.—In an action to quiet title involving the location of the division line between adjoining tracts of land,' where defendants relied on an estoppel to dispute an agreed boundary, an instruction requested by plaintiff which, after stating facts to be considered by the jury on the question of estoppel, directed it to determine from all such circumstances whether it was just and equitable for defendants to retain the realty to which plaintiff had paper title, was erroneous and properly refused.  p. 637.

7.  APPEAL.—Questions Presented.—Refusal of Motion to Enter Judgment on Pleading.—Alleging that the trial court erred in overruling motion to direct a verdict for plaintiff presents no question for review as to the denial of plaintiff's motion to enter judgment for him on his complaint.  p. 637.

8.  APPEAL.—Questions Presented.—Exclusion of Evidence.—Appellant's contention that certain questions propounded by him on cross-examination were erroneously excluded cannot be sustained, where he fails to point out matter to which the witness testified on direct examination which would make such cross-examination proper.  p. 638.

9.  APPEAL.—Review.—Admission of Evidence.—In an action to quiet title involving the location of a division line between adjoining tracts of land, where the sole defense was that plaintiff was estopped to dispute an agreed boundary, plaintiff was not harmed by the admission of evidence that the agreed boundary was correct.  p. 638.

10.  APPEAL.—Review.—Exclusion of Evidence.—In a suit to quiet title involving the location of a division line between adjoining tracts of land, where the sole defense was that plaintiff was estopped to dispute an agreed boundary line, the exclusion of evidence to show that the agreed boundary was not the correct division line, measured by the United States survey, was not harmful to plaintiff, such evidence being immaterial.  p. 638.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by Benjamin W. Seaver against Louis C. Vonderahe and another.   From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Bell, Kirkpatrick, Purdum & Voorhis,* for appellant.
*Wolf & Barnes* and *Overson & Manning,* for appellees.

BATMAN, J.—Appellant filed his complaint in this action against appellees in two paragraphs. By the first paragraph he seeks to quiet his title to certain real estate in Howard county, Indiana; and by the second he seeks to obtain a judgment for the possession thereof. Each of said paragraphs are in the simple form of actions seeking such relief, and describe the real estate as follows: Commencing at the northeast corner of the northwest quarter of section 29, township 24 north, · range 3 east, as established by the United States government survey thereof, running thence west 41½ feet to the center of a stone, thence in a straight line to the center of a stone at the southeast corner of said northwest quarter, thence in a straight line to the place of beginning. To this complaint appellees filed an answer in general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellees. From this judgment appellant has appealed, and has assigned the action of the court in overruling his motion for a new trial as the sole error on which he relies for reversal.

On the trial there was substantial evidence tending to show that in 1912 one Phineas Rayle, appellant's remote grantor, was the owner of the northwest quarter of section 29, township 24 north, range 3 west in Howard county, Indiana, and that appellee, Louis C. Vonderahe, was the owner of the northeast quarter of said section; that the line dividing said tracts of land was unknown to either of said owners, and by reason of such fact they were in doubt as to its location; that for the purpose of removing such uncertainty they met together in the spring of said year, and with the aid of the county sur-

veyor established what they believed to be the correct line; that each of said owners agreed that said line so established should be the dividing line between their said tracts of land; that in pursuance of said agreement they divided said line for the purpose of erecting and maintaining a partition fence between their said farms; that soon thereafter each party constructed a substantial fence along his portion of said line, and said Vonderahe entered into the possession of the land in question, and has used and cultivated the same as his own under said agreement ever since; that, in addition to the construction of his portion of said partition fence, said Vonderahe planted a grove of 137 catalpa trees at the north end of the land in question, adjacent to said partition fence, and has constructed other improvements with reference thereto; that appellant holds a deed for said northwest quarter as a remote grantee of said Phineas Rayle.

Appellant contends that the court erred in giving certain instructions requested by appellees. His objection to instruction No. 1, so given, is based on the fact

1. that it informed the jury that the answer in general denial, filed by appellees, placed on appellant the burden of proving the material allegations of at least one paragraph of his complaint by a fair preponderance of the evidence, while §1102 Burns 1914, §1056 R. S. 1881, relieved him of the necessity of proving one of the material allegations of the second paragraph of the complaint, viz., that appellees were in possession of the real estate in question. It may be conceded that the filing of such answer had the effect for which appellant contends. *Voltz* v. *Newbert* (1861), 17 Ind. 187; *Holman* v. *Elliott* (1882), 86 Ind. 231; *Carver* v. *Carver* (1884), 97 Ind. 497; *Weigold* v. *Pross* (1892), 132 Ind. 87, 31 N. E. 472. But it does not necessarily follow that the giving of said instruction was

reversible error. While it is the general rule that the giving of an instruction which places the burden of an issue on the wrong party, such rule yields to the exception that, where the record affirmatively shows that such error was harmless, the judgment will not be reversed. *Brumbaugh* v. *Mellinger* (1918), 68 Ind. App. 410, 120 N. E. 676. In the instant case the uncontradicted evidence shows that the land in question lay on the east side of a certain fence, constructed by the adjacent owners on a line run by the county surveyor at their joint request; that appellees were in possession thereof, and based their defense on a claim that appellant was estopped from questioning either their title, or their right, to the possession of such real estate. Under these circumstances the giving of said instruction No. 1, if error, was harmless.

Appellant also contends that the court erred in giving instructions numbered 3, 4 and 5 at the request of appellees. These instructions relate to the question of estoppel, where adjoining landowners, who are in doubt as to the location of their division line, meet and establish such line by an agreement in order to make the same certain, and thereafter make substantial improvements with reference thereto, and occupy the adjacent land in accordance with such agreement. These instructions correctly state the law as declared in the cases of *Furst* v. *Satterfield* (1909), 44 Ind. App. 613, 89 N. E. 906, and *Welborn* v. *Kimmerling* (1910), 46 Ind. App. 98, 89 N. E. 517, 91 N. E. 982, to which we adhere. There was evidence introduced on the trial, as indicated above, which made the giving of instructions on that question proper. We therefore conclude that the court did not err in giving any of said instructions.

Appellant predicates error on the action of the court

in refusing to give instructions numbered 1, 2, 4, 5 and 6 requested by him. Instruction No. 1 merely

4. gives a description of the real estate in controversy, and states that appellant is seeking to quiet his title thereto, and to recover possession thereof. Instruction No. 2 states that the identity of the land in controversy is not in dispute, and that appellees concede that they are in possession thereof. In view of the undisputed facts shown by the evidence given on the trial of the cause, it is obvious that appellant was not harmed by the court's refusal to give either of said instructions.

Instructions Nos. 4 and 5 requested by appellant, if given, would have informed the jury that the line run by the county surveyor was an erroneous line,

5. and that it was so conceded. In view of the fact that appellees in their defense did not contend that such line was the true line, measured by the United States government survey, but claimed that appellant was estopped from denying that it was the true dividing line between the lands of appellant and appellees, regardless of where the true line between the respective quarter sections of land was located, a failure to instruct the jury as to the facts stated was not reversible error. The remaining portions of said instructions relate to the binding effect of the survey in question, and what would be required in addition to an agreement with reference thereto, in order to create an estoppel. In so far as these instructions state the law correctly in this regard, they were substantially covered by instruction No. 3, given at the request of appellant, and by instructions Nos. 3, 4 and 5 given at the request of appellees. For the reasons stated, we hold that the court did not err in refusing to give either of said instructions.

Appellant also complains of the action of the court in refusing to give instruction No. 6 requested by him,

6. This instruction, after stating what the jury might properly consider in determining whether appellant was estopped from claiming title to the real estate in question, concludes as follows: "And from all such circumstances determine whether it is just and equitable for the defendants to retain the real estate to which the plaintiff has the paper title as shown by the evidence." The court was fully justified in refusing to give this instruction, as it might have led the jury to believe that it had a right to return a verdict in favor of appellant, if it believed such a verdict would be in accord with equity, regardless of the existence of certain facts, which the law has declared would work an estoppel against him.

7. It appears from the record that, at the close of appellant's evidence, appellees moved the court to withdraw from the jury the issues on the first paragraph of complaint, and to render judgment in their favor thereon; and that appellant thereupon made a counter motion in which he asked that, in the event the court overruled appellees' said motion, judgment be rendered in his favor on the first paragraph of the complaint. The court overruled each of said motions. Appellant claims that the court erred in overruling its said motion, but, as he failed to assign the action of the court in so doing as a reason for a new trial, no question is presented for our determination in that regard. Alleging that the court erred in overruling appellant's motion that the jury be instructed to return a verdict in his favor upon the first paragraph of the complaint does not present any question with reference to the refusal of the court to sustain his motion for judgment as stated above.

Appellant contends that the court erred in refusing to permit him to ask appellee Louis C. Vonderahe certain questions on cross-examination. We cannot sustain

this contention, as appellant has failed to point out any matter to which the witness testified on direct examination which would make such cross-examination proper.

It is also contended that the court erred in permitting appellee Louis C. Vonderahe to testify on redirect examination, over the objections of appellant, as to the existence of a road running toward the north from the land in question, and as to where it was located with reference to the line fence as it then existed. In view of the fact that appellees based their defense on the ground of estoppel, rather than on a claim that such fence was on the true line, when measured by the government survey, we fail to see how appellant was harmed by the admission of such evidence. We therefore conclude that there was no reversible error in admitting the same.

Appellant insists that the court erred in refusing to admit in evidence a certified copy of the United States government field notes of the survey of the quarter sections of land involved in this action, and in refusing to admit evidence of a second survey thereof, made in the spring of 1917 in pursuance of said field notes. Appellant was not harmed by the exclusion of such evidence. Proving the location of the true line between said quarter sections, or that it was different from the line run by the county surveyor in 1912, would not have aided appellant, as, under the issues formed by the complaint and answer in general denial, it was not necessary for him to prove that appellees were in possession of the real estate in question. §1102 Burns 1914, supra. This being true, evidence tending to prove the location of the line between said quarter sections, as fixed by the government survey, must be deemed immaterial. Voltz v. Newbert, supra; Rucker v. Steelman (1881), 73 Ind. 396; Hill v. Forkner (1881), 76 Ind,

115; *College Corner, etc., Co.* v. *Moss* (1883), 92 Ind. 119. Moreover, as appellees in making their defense did not claim that the line run by the county surveyor in 1912, and on which the partition fence was constructed, was the true line between said quarter sections as fixed by the government survey, but claimed that appellant was estopped to deny that it was the true line between their respective tracts of land, proof that such line was not the true line, according to the government survey, would not have tended to defeat appellee's title to the land, under the theory on which they based their defense.

Appellant claims that the court erred in restricting the cross-examination of Frank Uttinger, but an examination of the record discloses that no reversible error was thereby committed. It is also claimed that the verdict is not sustained by sufficient evidence and is contrary to law. From the statement of facts given above, as to what the evidence tends to prove, and the reasons on which we have based our conclusions as to other questions presented, it is obvious that appellant's contention in this regard is not well taken.

Finding no reversible error in the record, the judgment is affirmed.