## STALCUP ET AL. v. LINGLE.

[No. 11,130.   Filed June 30, 1921.]

1. APPEAL.—*Questions Presented.—Grounds for New Trial.—Insufficiency of Evidence to Sustain Findings.*—Specifications in a motion for a new trial that certain special findings are not sustained by sufficient evidence present no question for review on appeal, such specifications not being proper grounds for new trial. p. 243.

2. ADVERSE POSSESSION.—*Continuous Possession.—Possession of Administrator.*—The possession of the purchaser at an administrator's sale, and of the administrator for the purpose of sale, and of the heirs of the decedent, constitute one continuous possession, all referable to and connected with the possession of the decedent. p. 244.

3. BOUNDARIES. — *Agreed Boundary.* — *Estoppel.* — Where one owner arranged for the erection of a fence along the line of an old boundary fence, and the adjoining owner paid half of the cost of construction and acquiesced in the location of the fence, the fence so constructed was a partnership fence, constituting the true and agreed boundary line between the lots of such owners, and was conclusive as to such boundary between them and those claiming under them, regardless of possession for the period required by statute to establish title by adverse possession. p. 244.

From Orange Circuit Court; *William H. Paynter,* Judge.

Action by John A. Lingle against William Stalcup and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Bayless Harvey,* for appellants.
*William J. Throop,* for appellee.

NICHOLS, P. J.—Action by appellee against appellants to quiet title to a disputed strip of ground lying between the north part of a lot owned by appellee and

1. south part of the same lot owned by appellant.

By motion for a new trial, the overruling of which is assigned as error, appellant presents error in that each of the special findings Nos. 1 to 10 inclusive is not sustained by sufficient evidence. This presents no question for our consideration. *Scott* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 400. The only question that we need to consider is as to whether the decision of the court is sustained by sufficient evidence. Appellant contends that there had been a break in the continuity of appellee's adverse possession, and he presents a forceful brief upon this proposition, which, however, does not entirely convince us.

There was evidence from which the court could reasonably infer that at the time of the conveyance by the common owner of the north part of the lot now owned by appellee, the dividing line was agreed upon between him and his grantee, and the evidence shows that upon such line a plank fence was built, and it appears that the fence had stood substantially upon that line down to the time of the commencement of this action. Some slight changes were made therein, as it appears, to suit the convenience of the owner at the time, and without involving any question as to title or location of the dividing line. The grandson of the above mentioned grantee testified that, "It looks like it was right on the old line. I went all around it and it looks like right where it was when I left." He had theretofore testified that he had left in the year 1869. It is true that the deed of conveyance to appellee, which was an adminis-

trator's deed, describes 120 feet off of the north side of the lot, but at that time and for many years theretofore there was enclosed within the fence about 134 feet, and the heirs of the decedent, and the administrator for the purposes of the sale, were in possession of the 134 feet, and immediately upon the conveyance to appellee, he entered into the possession of the same tract which was bounded upon the south side by the fence.

Appellant contends that there was no privity between the parties and that therefore the possession of the appellee cannot be tacked to the possession 2. of the heirs for the purpose of making a claim of twenty years of adverse possession, and cites *East Tenn. Iron and Coal Co.* v. *Ferguson's Heirs* (1895), 35 S. W. 900 to support his contention, but we hold that the better rule is that the possession of the purchaser at administrator's sale, and of the administrator for the purpose of the sale, and of the heirs of the decedent constitute one continuous possession, all referable to and connected with the possession of the decedent. *Riggs* v. *Fuller* (1875), 54 Ala. 141; *Ricker* v. *Butler* (1891), 45 Minn. 545, 48 N. W. 407; *Cochrane* v. *Faris* (1857), 18 Tex. 850.

Following this rule, it clearly appears by the evidence that appellee and his successive grantors for more than twenty years were in open, notorious, uninter- 3. rupted, exclusive, adverse possession of the strip of land in controversy under claim of title thereto, and that his claim therefore had ripened into a fee-simple title. In the year 1901, appellee was, and ever since has been, the owner of the north part of said lot, and one Della Hackney was the owner of the adjoining south part thereof and resided upon it. At that time appellee employed Mrs. Hackney's brother to build a new fence along the line of the old one. Her son paid appellee for half of the expense of building

the fence.    She acquiesced in the location of the fence, until the year 1910, when she conveyed her said part of the lot to appellee Robert L. Stalcup.    These facts are sufficient to sustain the court's finding that appellee and Mrs. Hackney agreed between themselves that the fence was a partnership fence, and that it was upon the true and agreed line between them.    Such a practical location is conclusive between the parties and those claiming under them even though the possession has not been for the statutory period.    9 C. J. 235, 236; *Furst* v. *Satterfield* (1909), 44 Ind. App. 613, 89 N. E. 906; *Welborn* v. *Kimmerling* (1909), 46 Ind. App. 98, 89 N. E. 517, 91 N. E. 982; *Adams* v. *Betz* (1906), 167 Ind. 161, 78 N. E. 649.    The evidence is sufficient to sustain the decision of the court.

The judgment is affirmed.