## RADCLIFF ET AL. *v*. EDWARDS.

[No. 12,401.    Filed May 13, 1926.]

BOUNDARIES.—*Uncontradicted evidence as to boundary lines held not so conclusive as to render decision ignoring said line contrary to law.*—Although the uncontradicted evidence showed that the owners of adjoining lands had agreed to establish the boundary line between them and one of them located what he thought was said line, and built a fence thereon, which had been thereafter recognized as the division line, the trial court's decision to the contrary was not necessarily contrary to law.

From Lawrence Circuit Court; *James A. Cox*, Judge.

Action by Benjamin Radcliff and another against Cora Edwards. From a judgment for defendant, the plaintiffs appeal. *Affirmed.* By the court in banc.

*Boruff & Boruff* and *Frank E. Gilkerson*, for appellants.

*Albert J. Fields*, for appellee.

NICHOLS, C. J.—Action by appellants, stated in four paragraphs of complaint, against appellee to quiet title, and for the possession of a tract of land, claimed by each of them, between the land of appellee, as conceded by appellants, and the land of appellants, as conceded by appellee. Appellee's land is described in successive deeds from a remote grantor as commencing at the northwest corner of the quarter-section, running fifty-five rods south; thence twelve rods east; thence fifty-five rods north; thence twelve rods west to the place of

beginning, containing four acres more or less. There was an answer in denial, and a trial by the court which resulted in a finding and judgment in favor of appellee. The error assigned in this court is the court's action in overruling appellants' motion for a new trial, under which appellants present only that the decision of the court is contrary to law. The single question presented, appellants state thus:

"If owners of adjoining real estate, who are uncertain as to the location of line dividing their several tracts, agree upon a practical division line and erect a fence thereon, and thereafter they each recognize the line so agreed upon as the true line dividing their respective premises by using their lands up to said line and making their improvements accordingly, is said line so agreed upon by them thereafter binding upon them and their successive grantees, whether the line so located has been so recognized for the statutory period of twenty years or not, and whether it is in fact located on the true line or not?"

An affirmative answer to this question is fully sustained by numerous authorities cited by appellants, among which is *Adams* v. *Betz* (1906), 167 Ind. 161, 169, 78 N. E. 649. We have no quarrel with this rule of law. We are not ready to say, however, that it is applicable to the facts in this case. The line in controversy is the one between appellee's land lying to the north and appellants' land lying to the south. The alleged agreement upon which appellants rely was made by William L. West, appellants' remote grantor, and Eliza Flinn, appellee's remote grantor, in the year, 1904 or 1905. West owned the land to the south and to the east of Mrs. Flinn's land. West testified that he told Mrs. Flinn that he would build a fence if he knew where to build it; that Mrs. Flinn told him that she had four acres; that he had no deed or other written instrument

from which to make his measurement in order to determine where he was to measure and how far; that he measured either fifty-three rods or fifty-four rods from the northwest corner, and then measured east twelve rods; that he did not know at the time that Mrs. Flinn's deed called for fifty-five rods from the northwest corner; that it was his intention to measure what he thought was the line, and had he known that Mrs. Flinn's deed called for fifty-five rods, he would have gone farther, that he would have gone where the deed called for. Mrs. Flinn, who was an aged woman, suggested to West that he get Jesse Bex to assist him in measuring, which was done, and Bex helped with the measuring. He was called as a witness by appellants, and testified that Mrs. Flinn wanted the four acres measured off so West could build his fence on the line on the south side of the farm and on the east side. "The east side was what she was trying to get at, but we measured three different ways." On cross-examination, he testified that "Mrs. Flinn was pretty old. My idea was to get it so he could put his fence on the east line." Mrs. Flinn took no part in the measurement further than as she was represented by Jesse Bex, and had nothing to do with building the fence, which was built by West. We cannot say that this evidence, though uncontradicted, so clearly established an agreement as to the south line as to justify us in holding that the court's decision was contrary to law, in view of the fact that the line for which appellee contends is fifty-five rods from the northwest corner, and the one on which West would have built his fence had he known that the deed called for a north and south line fifty-five rods long.

Judgment affirmed.