CHAMBERLAIN *v.* SAGE.

[No. 14,348.  Filed December 13, 1932.  Rehearing denied February 23, 1933.  Transfer denied January 24, 1934.]

*Raymer & Olds* and *Harman & Wider,* for appellant. *Church & Chester,* for appellee.

LOCKYEAR, J.—In the City of Elkhart, Indiana, Davenport subdivision, as laid out and platted, consists of six lots all lying on the south side of St. Joseph River. These lots have an average width of 100 feet

running back from the river an even width to East Jackson Boulevard formerly known as Bristol Road.

The appellant is the owner of lot No. 100 and the appellee is the owner of lot No. 101, lying just east of lot No. 100.

The appellant was of the opinion that there was a strip of ground 25 feet wide on the river front and running back to a point on Jackson Boulevard between Lots No. 100 and 101, the ownership of which was unknown.

The appellant was desirous of erecting a dwelling house on his real estate and informed the appellee of this supposed triangular piece of land and proposed to appellee that they have a survey made of the same and divide it equally north and south between the owners of the two lots.

Each party had a survey made of what was supposed to have been the triangular piece of land, after which the appellant and the appellee each executed to the other a quitclaim deed to one-half of said real estate, the east one-half of said real estate to the appellee, and the west one-half of said real estate to the appellant.

The appellant then erected a dwelling house upon lot No. 100, and a part of his house, consisting of a garage and a room above the same, extended about four feet east of the east line of lot No. 100.

Thereafter the appellee was informed and believed that the appellant and appellee were mistaken about the existence of said strip of ground in controversy, and brought this action to quiet title to all of lot No. 101 which the appellee claimed included what was supposed to have been the strip of ground included in the two deeds.

The case was tried before the court without the intervention of a jury; the court made a finding for the appellee to the effect that the deed given by the appellee

to the appellant to the west half of the said triangular strip was by mutual mistake of the parties and should be canceled and annulled and the appellee is the owner in fee simple of this part of said tract and that the claim of the appellant is unfounded and without right and is a cloud upon appellee's title, and that the title should be quieted as against the appellant excepting that the appellant is entitled to and should have an easement running with the land, which is thereby declared upon that part of said described real estate, upon which appellant's combined house and garage and a portion of his driveway leading to his garage is situated, so long as such portion of said combined dwelling house and garage remain a usable structure thereon.

Judgment was rendered in accord with the above finding.

The appellant filed a motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The motion was overruled, to which ruling of the court the appellant at the time excepted and assigns said ruling as error in this appeal.

In the case of *Adams* v. *Betz* (1906), 167 Ind. 161, 78 N. E. 649, the court says, "It appears from the evidence that each of these parties in good faith, located and established what they believed to be a true division line between their adjoining tracts of land. This line, after it was located, was for at least a period of ten years prior to the sale of same to appellant recognized and accepted by each of the owners as the true dividing line between them. The line was under the circumstances what may be termed a practical location of the boundaries of the respective premises. It afforded strong evidence as against either the appellant or the appellee and all persons claiming under them, that it was the true boundary or dividing line of the lands in question.

As a general rule, it is affirmed by the authorities that where owners of adjoining premises establish by agreement a boundary of or a dividing line between their respective lands and take and hold possession of their respective tracts and improve the same in accordance with such division, each party in the absence of fraud will thereafter be estopped from asserting that the line agreed upon and established is not the true boundary line, although the period of time which has elapsed since such line was established and possession taken is less than the statutory period of limitation." *Tate* v. *Foshee* (1889), 117 Ind. 322, 20 N. E. 241; *Pitcher* v. *Dove* (1885), 99 Ind. 175; *Meyer* v. *Johnson* (1860), 15 Ind. 261; *Stalcup* v. *Lingle* (1921), 76 Ind. App. 242, 131 N. E. 852; *Furst* v. *Satterfield* (1909), 44 Ind. App. 613, 89 N. E. 906; *Kinsey et al.* v. *Satterthwaite* (1882), 88 Ind. 342; *Bubacz* v. *Kirk et al.* (1929), 91 Ind. App. 479; *Welborn* v. *Kimmerling* (1910), 46 Ind. App. 98, 102, 91 N. E. 982; *Seaver* v. *Vonderahe* (1920), 74 Ind. App. 631, 635, 127 N. E. 206.

It is a well recognized principle of law that the courts favor the settlement of disputes by mutual agreement and where, as in this case, the parties did not know where the true line was between the parties, and where they agree upon a line and have a survey made and stakes set, and this is then followed by an exchange of quit claim deeds, releasing to each other rights in real estate, and one of the parties relying upon the rights granted to him by these quit claim deeds, makes valuable and permanent improvements on that part of the land in question and within the bounds set by the deeds and survey, the parties are estopped from asserting any rights to the real estate in derogation of the deeds made and the line established thereby.

Judgment is reversed with instructions to enter judgment for the appellant in harmony with this opinion.